# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3022

_____

United States of America,

              Plaintiff - Appellee,

v.

Benjamin Mendez, Jr.,

              Defendant - Appellant.

Appeal from the United States
District Court for the
Northern District of Iowa.

_____

Submitted: June 11, 2012
Filed: July 19, 2012

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge,

Defendant Benjamin Mendez, Jr., appeals the sentence he received after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). The district court[1] imposed a traditional upward departure based upon Defendant's understated criminal history and pattern of recidivism. Defendant challenges his sentence as relying upon unsupported factual assertions surrounding his present offense and purportedly inaccurate and objected-to factual assertions from narratives in the presentence investigation report (PSR)

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

describing his prior offenses. Because the district court did not rely upon impermissible evidence, reach any clearly erroneous factual determinations, abuse its discretion in imposing an upward departure, or impose a substantively unreasonable sentence, we affirm.

On June 27, 2010, officers responded to multiple reports of fireworks or shots having been fired at a home in Storm Lake, Iowa. After arriving at the home, officers received an additional report that six to eight shots had been fired. An officer then observed Defendant exit the back of the home carrying a semi-automatic 0.40 caliber handgun. The officer drew his own weapon and repeatedly ordered Defendant to stop. Defendant did not stop, but continued to a fence at the rear of the home's yard and threw the handgun over. He then surrendered. Officers subsequently found six spent 0.40 caliber shell casings in a garbage can in the home.

Eventually, Defendant pleaded guilty with no plea agreement in place. The PSR assessed twenty criminal history points which were reduced to sixteen because eight of the twenty were for "one-point" offenses, and the Guidelines only permit four such offenses to be counted. See U. S. Sentencing Guidelines Manual § 4A1.1(c) (providing that a maximum total of four criminal history points may be assessed for such offenses). Defendant had five other convictions that received no criminal history points. Defendant received two additional points, resulting in a total of eighteen criminal history points, because he committed the present offense while on state probation. See id. § 4A1.1(d). This resulted in Defendant being placed in criminal history category VI.

Based upon U.S.S.G. § 2K2.1(a)(2) and the fact that Defendant had two prior convictions for burglary, one prior conviction for assault with a weapon, and one prior conviction for possession of marijuana with intent to distribute, his base offense level was twenty-four. He received a three-level reduction for acceptance of responsibility,

resulting in a total offense level of twenty-one and an advisory Guidelines range of 77–96 months.

The district court found an upward departure based upon recidivism and understated criminal history appropriate. Because Defendant was already in the highest criminal history category, however, the district court could not depart horizontally to a higher criminal history category. The court elected to depart vertically, adding two offense levels to its base calculation. This resulted in an adjusted advisory Guidelines range of 92–115 months. The statutory maximum was 120 months' imprisonment, and the court imposed a sentence of 108 months, finding the sentence to be sufficient but not greater than necessary pursuant to the 18 U.S.C. § 3553(a) factors.

Defendant now presents several inter-related arguments which appear to be premised on the mistaken conclusion that the district court made erroneous factual determinations concerning the details of the present offense and Defendant's many prior offenses. Defendant argues there was confusion in the record as to whether he actually fired a weapon on the day of the present offense, whether the firearm had an obliterated or missing serial number or whether the number was simply not reported, whether he adequately objected to factual narratives in the PSR surrounding his prior offenses, and whether he also possessed or fired a shotgun on the day of the present offense.

It is clear to us upon reading the sentencing transcript and reviewing the record in this matter that the district court based its departure decision and overall sentencing determination broadly on Defendant's obvious pattern of recidivism and exclusively on factors clearly supported by the record. That the district court and the attorneys at sentencing discussed arguably confusing issues and aspects of the record does not lead to the conclusion that the experienced district court judge in this case relied upon any

of those issues or objected-to portions of the PSR in reaching its conclusions.[2] Rather, the court itself raised with the attorneys the concerns about confusion in the record. What the court actually found was that "[Defendant's] criminal history started early at age 17, and it really has never abated." The court listed convictions by year and concluded, "it's just an unrelenting pattern of repeated—I mean, he's a serial recidivist." The court later stated, "So that's to me one of the most aggravating factors in this case, maybe the most aggravating factor. Nothing seem[s]—I mean, three prison sentences you think would deter most people from being a felon in possession. But it obviously didn't deter Mr. Mendez at all."

The district court, then, concluded Defendant was an incorrigible recidivist based upon the existence and timing of his prior convictions. These facts were undisputed. The resulting decision to depart relied upon grounds that we have recognized as valid bases for such departures: the existence of several prior convictions not used for calculating criminal history points, a repeated pattern of criminal behavior evincing a likelihood of future criminal conduct, and the failure of prior shorter terms of incarceration to deter additional offenses. See U.S.S.G. § 4A1.3(a)(2)(A) (stating that prior offenses not scored for criminal history purposes can support a traditional departure pursuant to § 4A1.3(a)(1)); United States v. King, 627 F.3d 321, 322 (8th Cir. 2010) (affirming an upward departure based upon a "longstanding pattern of violence"); United States v. Walking Eagle, 553 F.3d 654, 657 (8th Cir. 2009) ("In deciding the likelihood that a defendant may commit other crimes, a court may take into account any evidence of obvious incorrigibility and conclude that leniency has not been effective." (internal marks and citations omitted)); United States v. Mugan, 441 F.3d 622, 633 (8th Cir. 2006) (noting a "consistent pattern" as not being represented by a criminal history category); United States v.

---

[2]Given our resolution of this issue we need not address the sufficiency of Defendant's objections to the PSR.

Morse, 983 F.2d 851, 854 (8th Cir. 1993) (affirming an upward departure in reliance upon offenses technically excluded pursuant to § 4A1.1(c)).

Defendant also argues that the district court abused its discretion by failing to take into consideration the facts that he committed many of his prior offenses before turning twenty-one and that some of his prior offenses were already considered for two purposes before he was given a departure. As to the latter, Defendant argues his offenses were counted for criminal history purposes and also to set the heightened base offense level of twenty-four pursuant to U.S.S.G. § 2K2.1(a)(2). These arguments are without merit.

The district court expressly commented upon Defendant's age at the time of his earliest convictions. The court, however, elected to emphasize the length of Defendant's period of criminal behavior as evidence of incorrigibility rather than focus upon Defendant's age at the beginning of that period as a mitigating factor. This election was well within the court's discretion. United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011) (stating that a court may "assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant").

Further, even if Defendant's double-counting type argument enjoyed legal merit as a general matter, it rests upon a factually flawed view of the record. U.S.S.G. § 2K2.1(a)(2) only requires two qualifying predicates to reach a base offense level of twenty-four. Defendant had four qualifying predicates. Similarly, he had eighteen criminal history points while only thirteen were required to place him in criminal history category VI. It is simply not the case, then, that the departure necessarily relied upon convictions already used to elevate his advisory range by other means.

Finally, having determined that the district court committed no error in relation to the traditional departure, we find no abuse of discretion in the District Court's

application of 18 U.S.C. § 3553(a) and imposition of a 108-month sentence. The court expressly referenced not only the issues discussed above, but discussed the balancing of societal and defendant-specific deterrent concerns and noted its reliance on several personal letters in support of Defendant. The sentence imposed was not unreasonable.

We affirm the judgment of the district court.

_____