# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-1232
_____

United States of America

*Plaintiff - Appellant*

v.

Abby Rae Cole

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: June 3, 2014
Filed: August 29, 2014

_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

A jury found Abby Rae Cole guilty of conspiracy to commit mail and wire fraud, tax evasion, and conspiracy to commit tax fraud. The district court[1] sentenced Cole to three years probation, a downward variance from the advisory Guidelines

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

range of 135 to 168 months imprisonment. The government appealed the sentence as substantively unreasonable, and Cole cross-appealed her convictions. We affirmed the convictions but declined to reach the issue of whether the sentence is substantively unreasonable, finding procedural error in the lack of an adequate explanation by the district court for the sentence and the substantial downward variance. We remanded the case to afford the district court a chance to supply an adequate explanation. United States v. Cole, 721 F.3d 1016, 1025 (8th Cir. 2013).

In our previous opinion, we noted that before reaching the substantive reasonableness of a sentence "'[w]e must first ensure that the district court committed no significant procedural error,'" such as "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Id. (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). We noted that Cole and her co-conspirators' convictions were based on the theft of approximately $33 million from Best Buy over a four-year period and the evasion of over $3 million in taxes, Cole's sentencing Guidelines range was 135 to 168 months imprisonment, and Cole's co-conspirators, her husband and a Best Buy employee, received sentences of 180 and 90 months respectively. Despite these facts, the district court provided scant explanation for the profound downward variance to a sentence of probation. That scant explanation consisted of the following statements by the district court following pronouncement of the sentence:

> The Court has reviewed the case law from the United States Supreme Court and also the Eighth Circuit Court of Appeals dealing with sentencing. The Court is well aware and will use the factors under Title 18 Section 3553, and will vary in this matter . . .
>
> It would be a travesty of justice if I sent you away for a long period of time. I am taking a huge chance on you . . . .

We remanded the case to provide the district court an opportunity to adequately explain "the defendant-specific facts and policy decisions upon which it relied in determining that the probationary sentence is 'sufficient, but not greater than necessary,' to achieve the sentencing objectives set forth in section 3553(a)," Cole, 721 F.3d at 1025 (citation omitted), in an effort to serve the twin goals of "meaningful appellate review and . . . the perception of fair sentencing." Gall v. United States, 552 U.S. 38, 50 (2007).

On remand, the district court received additional briefing from the parties, conducted a hearing in which it heard additional argument with respect to sentencing, and then announced its reasons for the downward variance and the probationary sentence in a lengthy and comprehensive analysis concluding with the observation that this is an "unusual, extraordinary case in which a sentence of three years probation was appropriate." In the additional analysis, the district court touched on all of the section 3553(a) factors in explaining the rationale behind the sentence it imposed upon Cole. The district court recognized the numerous restrictions Cole endured while on probation[2] and the "lifelong restrictions" she faces as a federal felon, see 18 U.S.C. § 3553(a)(2)(A)&(B); the court stressed that, with the probationary sentence, Cole would be less likely to commit further crimes as she "has a far greater likelihood of successful rehabilitation with family support and stable employment," see 18 U.S.C. § 3553(a)(2)(C). The court also explained that while "[t]his was one of the largest corporate frauds in Minnesota history and was also a significant tax fraud," Cole served a more minor role as, in the court's judgment, she was "mostly a passive, although legally responsible, participant." See 18 U.S.C. § 3553(a)(1). The court focused on Cole's history and characteristics, emphasizing that she had no prior contact with law enforcement and was "markedly different" than "most of the fraudsters who appear before th[e] Court" in that Cole "is not a consummate fraudster,

---

[2]Cole had completed her probationary sentence three months prior to the hearing.

she is not a pathological liar." See 18 U.S.C. § 3553(a)(6). Finally, the district court explained that the probationary sentence would allow Cole to work and earn money to make restitution to the victims of the fraud. See 18 U.S.C. § 3553(a)(7).

The United States persists in its appeal, contending that the district court improperly based the sentence on Cole's socioeconomic status, her restitution obligations, and her loss of criminally derived income. However, the facts of Cole's fall from an industrious and highly successful entrepreneur to convicted felon and the loss of the bulk of her legitimately acquired assets cannot be denied. We find no error in the district court's reference to these events.

As there is no longer any procedural error in this case, we proceed to determine whether the sentence is substantively unreasonable. "Our review of the substantive reasonableness of a sentence for abuse of discretion is highly deferential." United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted). While it is unusual for us to find a sentence substantively unreasonable, we have recently done so. In United States v. Dautovic, we held a downward variance from a Guidelines range of 135 to 168 months (the same Guidelines range applicable to Cole) to a 20-month sentence to be substantively unreasonable. See Nos. 13-1493 and 13-1145, 2014 WL 3953989 (8th Cir. Aug. 14, 2014). In Dautovic, however, we noted that the defendant police officer's "offense conduct was egregious" and included "beat[ing] an innocent victim with a dangerous weapon, causing serious bodily injury and permanent physical damage;" "[writing] a false police report that caused [the victims] to be charged with crimes;" and "committ[ing] perjury." Id. at *7. We also noted "[t]he district court found that Dautovic showed no remorse" for his actions. Id. Despite these findings, "the district court tried to avoid unwarranted sentence disparities by basing Dautovic's sentence on the average sentence imposed for civil

-4-

rights violations." Id., see also 18 U.S.C. § 3553(a)(6). We concluded that the district court erred in its application of section 3553(a)(6) because Dautovic's "offense conduct involved aggravating circumstances" not normally found in most civil rights violations used by the district court for comparison, and thus the downward variance was not justified by the district court's consideration of the section 3553(a) factors. Id. at *7-*8.

While we do not minimize the seriousness of the crimes perpetrated by Cole and the staggering nature of the fraudulent scheme in which Cole was a participant, the district court here, unlike in Dautovic, has adequately explained the sentence and appropriately considered the section 3553(a) factors in varying downward to a probationary sentence, making "precisely the kind of defendant-specific determinations that are within the special competence of sentencing courts." Feemster, 572 F.3d at 464 (quotation omitted). For instance, the district court noted that Cole's role in the offense was mostly as a passive participant and Cole was not the typical white collar defendant the court had observed in similar criminal schemes. We find no error in the weighing of the section 3553(a) factors, and thus the district court did not abuse its substantial discretion in sentencing Cole to probation.

Accordingly, we affirm the sentence.

_____