**UNITED STATES of America,**
**Plaintiff–Appellee.**

**v.**

**Larry ALLISON, Defendant–Appellant.**

**No. 15–1618.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 8, 2016.

Filed: Feb. 29, 2016.

Ian A. Lewis, Asst. Fed. Public Defender, Springfield, MO (Laine Cardarella,

Fed. Public Defender, Kansas City, MO, on the brief), for appellant.

James J. Kelleher, Asst. U.S. Atty., Springfield, MO (Tammy Dickinson, U.S. Atty., Kansas City, MO, on the brief), for appellee.

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

PER CURIAM.

Larry Allison pled guilty to sexually exploiting a child in violation of 18 U.S.C. § 2251(a), which subjected Allison to a prison sentence of "not less than 15 years nor more than 30 years" pursuant to 18 U.S.C. § 2251(e). Before sentencing, a probation officer prepared a presentence investigation report calculating an initial advisory United States Sentencing Guidelines (U.S.S.G. or Guidelines) range of 121 to 151 months imprisonment (level 31, category II), applying a three-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Because the "statutorily required minimum sentence [for Allison's crime was] greater than the maximum of the applicable guideline range," Allison's advisory Guidelines sentence was 15 years (180 months) imprisonment. U.S.S.G. § 5G1.1(b).

At a March 10, 2015 sentencing hearing, the district court[1] properly calculated Allison's 180-month advisory Guidelines sentence before turning to the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), and the parties' respective sentencing recommendations. The government recommended a sentence of 216 months based on the vile nature of Allison's criminal activity and his extensive criminal history, which included other "lewd and lascivious behavior." Allison maintained the mandatory minimum 180 months—already significantly higher than the initial Guidelines range of 121 to 151 months—fully served the purposes of sentencing and would give Allison due credit for accepting responsibility. After considering the arguments and the 18 U.S.C. § 3553(a) factors, the district court varied upward 24 months and sentenced Allison to 204 months imprisonment, followed by 180 months of supervised release.

Allison appeals, arguing his sentence is substantively unreasonable because it is "greater than necessary to sufficiently comply with the purposes of a criminal sentence as outlined in 18 U.S.C. § 3553(a)." As Allison sees it, his sentence is "unjust" and "do[es] not promote respect for the law" because it "does not recognize the benefit upon the system of [Allison] accepting responsibility," including sparing his victim further harm and preserving the government's limited resources.

We review Allison's sentence "under a deferential abuse-of-discretion standard," taking "into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 41, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir.2008).

**1.** The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

■ Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justif[ied] the extent of the variance," *Gall,* 552 U.S. at 51, 128 S.Ct. 586, we find no abuse of discretion in this case. In imposing Allison's sentence, the district court carefully considered the relevant 18 U.S.C. § 3553(a) factors and thoroughly explained why (1) the "disturbing" nature and "egregious" circumstances of Allison's offense; (2) his prior sex crimes and "pages of other criminal activity"; and (3) the need to deter and punish sexual exploitation and protect children from sexual predators all justified varying upward 24 months. Answering Allison's concern that his sentence "fail[ed] to take into account his acceptance of responsibility" and risked deterring future criminals from accepting responsibility, the district court explained Allison's 204–month sentence—only 24 months above the mandatory minimum—was still well below the 30–year statutory maximum Congress authorized for sexually exploiting a child like Allison did. *See* 18 U.S.C. § 2251(e).

The district court's decision to vary upward in this case was well within its broad sentencing discretion, and the sentence is substantively reasonable. Satisfied Allison's sentence is "not greater than necessary to" serve the purposes of § 3553(a), we affirm.