# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1302

_____

United States of America

*Plaintiff - Appellee*

v.

Crisconi E. Davis, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 12, 2018
Filed: March 13, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Crisconi E. Davis, Jr. pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him

_____

[1] The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

to 71 months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Davis believes the 34-month upward variance (guidelines range 30 to 37 months) was unreasonable because "the court rejected the guidelines based on the overriding consideration that Mr Davis' 'guidelines come out at a lesser sentence than' his longest prior sentence of four years." Davis contends this "stair-step sentencing rule was improperly given dispositive weight at the expense of the § 3553(a) factors."

"This court reviews sentences in two steps: first, for significant procedural error; and if there is none, for substantive reasonableness." *United States v. Williams*, 624 F.3d 889, 896 (8th Cir. 2010). This court reviews sentences "'whether inside or outside of the Guidelines range,' under 'a deferential abuse-of-discretion standard.'" *United States v. Hummingbird*, 743 F.3d 636, 637 (8th Cir. 2014), *quoting United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Davis's belief is without merit. The court thoroughly considered and discussed the § 3553(a) factors:

> So let me go through the process here with you. The guidelines are just one step, and guidelines don't control how we determine punishment. It's one of the things we look at and consider.
>
> The other things we consider are what's called factors under a statute called 18 U.S.C. 3553(a) which are things your attorney has discussed. And I have considered all those factors, but let me go through the ones I think are especially relevant in this case.
>
> The nature of the crime. It's a concerning crime. It's somewhat similar behavior that we've seen in the past from you, Mr. Davis. Truck is reported as stolen. Officers observed that truck occupied, one person.

As officers approached the truck to conduct a vehicle check, the driver moved from the driver's seat to the passenger's seat, exited the truck and fled on foot. During a foot pursuit, officers observed you reach into your waistband with your right hand. And after a brief foot chase, they caught you.

That's—so that says a number of things, right? First off, you're a convicted felon, and you shouldn't have a gun. . . . But also it really bears—illustrates this issue about respect for the law, right? Which I keep a little list of the crimes here. You have eight assaults in your criminal history, which is really—that's the glaring part, because the assaultive behavior is behavior that must be addressed. And if it's in your history, that's very concerning to the Court.

Resisting or obstructing. You have three priors which shows, you know, disrespect for law enforcement related to your criminal history.

You have three prior felonies. You have five driving while revokes, driving while suspendeds, which then again goes to respect for the law, which while these are misdemeanors, these have serious effect on people when they run into a driver who's driving careless, who doesn't have insurance or doesn't have a registration. If you don't—if you're not good with the state of Missouri, insurance doesn't cover you if you hit somebody.

So these are all offenses, mainly a lot of them that go to respect for the law and assaults. And that respect for the law is a factor, so that's what—we look at.

Also, we look at Mr. Davis' amenability to supervision. How can you be supervised? How well does that work? And as you recall, and as illustrated in paragraph 25, paragraph—let's see—paragraph 38 and paragraph 47, this really never worked out well. You've been—you've been considered an absconder for leaving supervision. Usually you've been revoked or in revoked status on each of these opportunities that you had. That's concerning too, Mr. Davis.

And, you know, you got a five-year, a five-year and a two-year sentence. You're not going to get less time the more felonies you commit because that goes to deterrence in my mind, so it's not going to be a sentence within the guidelines because that would give you less time for a new felony, which the government does nutty things, but that's not how this is going to work. You've got to get more time to have a deterrent effect on a sentence, and that's part of the guideline—that's part of the factors too. So let's talk—and your history I'm talking about now, the sporadic employment concerns me.

\* \* \* \*

The need to protect the public. You know, Mr. Davis, people don't like when I say that, but that is an important consideration, sir, in looking at your criminal history. And that's also the need that the sentence imposed reflects the seriousness of the offense, promotes respect for the law.

The court based the sentence on the § 3553(a) factors including Davis's prior convictions, poor performance on supervision, sporadic employment record, and violent tendencies. The court's consideration of prior sentences in the context of deterrence was proper. *See United States v. Mendez*, 685 F.3d 769, 772 (8th Cir. 2012) (recognizing "the failure of prior shorter terms of incarceration to deter additional offenses" as a valid basis for an upward sentence); *United States v. Walking Eagle*, 553 F.3d 654, 657 (8th Cir. 2009) (holding that, in considering whether "a defendant may commit other crimes," a court may conclude that prior "leniency has not been effective").

The district court did not abuse its discretion in varying upward.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____