# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2228
_____

United States of America

*Plaintiff - Appellee*

v.

Fred Quiver, also known as Fred Brings Plenty

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Rapid City
_____

Submitted: March 15, 2019
Filed: May 29, 2019
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Elizabeth LeBeau murdered Emily Bluebird by strangling her and by striking her head with a hammer. Fred Quiver was present during the murder. Quiver and LeBeau took Bluebird's body to the bathroom shower and washed it. Quiver poured bleach over Bluebird's body to destroy DNA evidence. Quiver and LeBeau moved Bluebird's body four times before it was discovered approximately three weeks after

the murder.  Quiver pleaded guilty to being an accessory to a second-degree murder in violation of 18 U.S.C. §§ 3, 1153.  The district court[1] found an advisory sentencing guidelines range of 130 to 162 months' imprisonment but sentenced Quiver to 180 months' imprisonment.  We affirm.

Quiver first argues that he received ineffective assistance of counsel. "Generally, ineffective assistance of counsel claims are better left for post-conviction proceedings." *United States v. Cook*, 356 F.3d 913, 919 (8th Cir. 2004).  Such claims are proper on direct appeal only in "exceptional cases" where "the record has been fully developed," to "avoid a plain miscarriage of justice," or "when trial counsel's ineffectiveness is readily apparent or obviously deficient." *Id.* at 919-20.  This is not such an "exceptional case."  First, the issue was never raised before the district court, and the record is not fully developed.  Prior counsel has not had the opportunity to address or explain the decisions made in Quiver's case, there was no cross-examination of counsel by Quiver, and the district court made no determination regarding whether counsel's performance was deficient. *Cf. United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (finding that the record was fully developed where the district court held an evidentiary hearing at which the defendant presented evidence regarding alleged ineffective assistance of counsel and where both parties represented at oral argument that the record was fully developed).  Second, we see no basis for concluding that "trial counsel's ineffectiveness is readily apparent or obviously deficient."  Counsel filed a motion for a downward variance, objected to portions of the presentence investigation report ("PSR") prepared in the case, had some objections sustained, and sought other changes to the PSR that were ultimately adopted by the district court.  Quiver alleges that his counsel "likely failed" to research relevant case law or investigate other reasons for a downward departure or variance but does not cite any evidence of such failures.  Third, Quiver fails to show

---

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

a plain miscarriage of justice where he remains free to pursue his claim through a § 2255 action. *See United States v. Sanchez-Gonzalez*, 643 F.3d 626, 629 (8th Cir. 2011) (concluding that "declining to consider this claim on appeal would not constitute a plain miscarriage of justice" where the defendant "remains free to pursue her ineffective assistance claim through a section 2255 action"). Thus, we decline to consider Quiver's ineffective assistance of counsel claim on direct appeal.

Quiver also appeals his above-guidelines sentence. "We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009). "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." *United States v. Barker*, 556 F.3d 682, 689 (8th Cir. 2009). "Our review of the substantive reasonableness of a sentence for abuse of discretion is highly deferential." *United States v. Cole*, 765 F.3d 884, 886 (8th Cir. 2014).

Quiver alleges that the district court committed procedural error by failing to adequately explain the sentence. We conclude that the district court's explanation was sufficient. It carefully considered all the § 3553(a) factors and thoroughly documented its reasoning. The court noted Quiver's extensive criminal history, "pattern of behavior from an early age," and the seriousness of the offense, in which Quiver had participated in the "concealment of a murder that [he] witnessed, participated in cleaning up and pouring bleach on the body, and then moved the body four times, while this family is at a complete loss as to what happened." The court then concluded that "[t]he factors balance heavily in favor of sending a message to the larger community and demonstrating there are serious consequences for this level of criminal behavior."

Quiver also argues that it was procedural error for the district court to apply an upward departure pursuant to U.S.S.G. §§ 5K2.8 or 5K2.21.[2] But "any procedural error in imposing an upward departure . . . would have been harmless" because "[t]he district court justified its decision to impose a sentence above the advisory guideline range by referencing *both* [the ground for departure] and 18 U.S.C. § 3553(a)," and the court "appropriately considered and explained the relevant § 3553(a) factors." *See United States v. Richart*, 662 F.3d 1037, 1048 (8th Cir. 2011). Therefore, the district court committed no significant procedural error. *See id.* at 1049; *see also United States v. Washington*, 515 F.3d 861, 866-67 (8th Cir. 2008) (finding "no significant procedural error" when the district court "described its sentence as a 'variance or upward departure' from the Guidelines range," "appropriately considered the relevant factors of § 3553(a)," and "provided an adequate explanation for the variance").

As to the substantive reasonableness of the sentence, "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but commits a clear error of judgment." *O'Connor*, 567 F.3d at 397. "Where [a] district court in imposing a sentence makes an individualized assessment based on the facts presented,

---

[2]During the sentencing hearing, the court invoked U.S.S.G. § 5K2.8 (extreme conduct) and § 5K2.21 (dismissed or uncharged conduct) as potential grounds for an upward departure. But the statement of reasons instead identified § 5K2.0 (aggravating or mitigating circumstances) and § 5K2.22 (sex offender characteristics) as reasons for the departure. "Where an oral sentence and the written judgment conflict, the oral sentence controls." *United States v. Johnson*, 719 F.3d 660, 672 (8th Cir. 2013).

addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." *United States v. Parker*, 762 F.3d 801, 812 (8th Cir. 2014) (internal quotation marks omitted). Here, the district court's justifications for imposing a 180-month sentence "rest[] on precisely the kind of defendant-specific determinations that are within the special competence of sentencing courts, as the Supreme Court has repeatedly emphasized." *See Feemster*, 572 F.3d at 464. Therefore, we cannot say that the district court abused its discretion in sentencing Quiver to 180 months' imprisonment.

For the foregoing reasons, we affirm.

_____