# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2688
_____

United States of America

*Plaintiff - Appellee*

v.

Bernard Manuel

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 10, 2023
Filed: July 20, 2023
_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.
_____

LOKEN, Circuit Judge.

In 2011, Bernard Manuel pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court imposed a 96-month sentence followed by three years of supervised release. Manuel served that sentence and began supervised release in October 2018. In February 2020, the district court revoked supervised release based on a domestic violence incident. After serving an additional year in custody, Manuel began a new one-year term of supervised release

in January 2021.  On April 1, 2021, while serving this second term, Manuel was arrested by Kansas City police officers for possessing a firearm used in a shooting earlier that day.  Manuel's probation officer initiated supervised release revocation proceedings.  Manuel pleaded guilty to a new felon-in-possession charge.

At a combined supervised release revocation and sentencing hearing in August 2022, the district court[1] revoked Manuel's supervised release and imposed a 24-month sentence for the violations and a consecutive 96-month sentence for his new felon-in-possession conviction.  Manuel appeals, arguing "the district court abuse[d] its discretion by imposing a substantively unreasonable total sentence of 120 months' imprisonment."  Reviewing the substantive reasonableness of Manuel's sentence under a deferential abuse of discretion standard, we affirm.  See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review).

**A. The Offense Conduct.**  On the morning of April 1, 2021, officers responded to a shots-fired call near East 90th Terrace and Kentucky Avenue in Kansas City.  Witnesses reported hearing ten to twelve shots fired.  Officers recovered 13 spent 9-millimeter shell casings in the intersection.  They learned that one bullet had shattered the front window of a nearby residence, nearly striking -- and badly frightening -- the home's female occupant and her infant son.  A witness observed a white Chevrolet Malibu speeding away from the area after the gunfire.

Later that day, officers received an anonymous tip that the shooter was sitting in a white Chevrolet Impala in a parking lot at the intersection of 43rd Street and Indiana Avenue.  Responding, officers ordered the occupant -- later identified as Manuel -- to exit the bullet-ridden vehicle.  Manuel eventually opened the driver's side door, told the officers to "shoot me," and tossed his shoes into the parking lot.

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

As he did so, a 9-millimeter Taurus semiautomatic handgun fell onto the ground from Manuel's lap. The handgun, reported stolen in October 2020, contained eleven live rounds of ammunition. As he was taken into custody and placed in a police vehicle, Manuel spat at, kicked, and attempted to bite the officers. Laboratory testing confirmed that the Taurus handgun was the gun used in the earlier shooting.

**B. The Hearing.** At the August 2022 combined hearing, the district court first overruled Manuel's objection to a four-level enhancement for using or possessing the Taurus handgun in connection with another felony offense. See USSG § 2K2.1(b)(6)(B). Defense counsel argued that, while Manuel admitted to being in possession of the handgun when he was arrested, "he absolutely denies having anything to do with the shooting." After reviewing the undisputed circumstantial evidence summarized in the Presentence Investigative Report, the district court found that the enhancement is supported by a preponderance of the evidence, resulting in an advisory guidelines range of 37 to 46 months imprisonment for the new felon-in-possession offense. That finding is not challenged on appeal.

The district court then revoked Manuel's supervised release for his earlier felon-in-possession conviction and imposed a sentence of 24 months imprisonment for the supervised release violations, the top of the advisory guidelines sentencing range and the statutory maximum revocation sentence the court could impose. See USSG §§ 7B1.1(a)(2), 7B1.4(a) & (b)(3)(A); 18 U.S.C. §§ 3559(a)(3), 3583(e)(3). The court then turned to the sentence to be imposed for Manuel's 2021 felon-in-possession offense. The government requested an upward variance to a concurrent sentence of not less than 96 months imprisonment, emphasizing this is Manuel's second felon-in-possession conviction, his second supervised release revocation, his involvement in the shooting, his aggressive resistance to being arrested, and his extensive criminal history. Defense counsel and Manuel in allocution urged a sentence at the high end of the guidelines range of 37 to 46 months

imprisonment and indicated no objection if the court then imposed a consecutive 24-month revocation sentence.

Applying the 18 U.S.C. § 3553(a) sentencing factors, the district court varied upward from the advisory range and imposed a sentence of 96 months imprisonment for the felon-in-possession offense and a consecutive 24-month revocation sentence. The court emphasized the reckless severity of Manuel's crime, noting one bullet fired during the shooting nearly struck a woman and her infant son. It further explained:

> [W]e're dealing with . . . a person with a very serious violent record in your criminal history. We're dealing with someone who basically tries to bite law enforcement officers, and kick them . . . when they're doing their job. . . . [As defense counsel] pointed out, it's . . . a drug addiction in many respects we're dealing with. And so I am going to send you to [the] RDAP program . . . I hope you choose to [participate]. . . .
>
> But you don't get less time the more crimes you commit . . . . If you keep committing the same crime it's going to be more time than you got last time. . . . [W]e hope this deterrent effect . . . will have some influence on you, and that you'll choose not to commit these crimes in the future.
>
> The factors that are important here . . . include the need to protect the public from further crimes . . . [t]he need for deterrence . . . the need for respect for the law, consideration of your history and your characteristics. You . . . do get credit . . . for taking responsibility and being honest about the gun. . . . [S]o that's going to save you some time today. And since you're getting time on the supervised release, I'm not going to increase the . . . sentence . . . on the underlying sentencing case.

**C. Discussion.** Manuel appeals, arguing the total sentence is substantively unreasonable because it is greater than necessary to comply with basic sentencing objectives. Manuel contends that the court placed too much weight on the seriousness of his offense when he received an offense level enhancement for using

the Taurus handgun in connection with the April 1 shooting. The court placed too much weight on Manuel's criminal history, considering prior convictions that have "aged out" of the Guidelines' criminal history points calculation. And the court improperly varied upward because of Manuel's drug addiction. He argues these factors do not warrant an upward variance nearly five years above the low end of the advisory guidelines range.

Manuel's brief on appeal ignores an essential component of the district court's decision to vary upward from the guidelines range -- "you don't get less time the more crimes you commit." We have consistently rejected the argument that sentences based on this factor are substantively unreasonable if the district court in varying upward supported this comment with a fuller analysis of the § 3553(a) sentencing factors. See, e.g., United States v. Johnson, 916 F.3d 701, 702 (8th Cir. 2019) ("The need for a sentence to afford adequate deterrence is a proper consideration under § 3553(a)(2)(B), and the district court's attention to the need for specific deterrence . . . was neither impermissible nor inflexible."); United States v. Paulino-Duarte, 670 F.3d 842, 844 (8th Cir. 2012) ("The district court properly considered the inadequate deterrence provided by [defendant's] prior illegal reentry sentence."); United States v. Burns, 771 F. App'x 724, 726 (8th Cir. 2019) ("[T]he district court's remark . . . that defendants do not get shorter sentences for committing more crimes . . . does not constitute reversible error."); United States v. Davis, 714 F. App'x 614, 615 (8th Cir. 2018) ("The court's consideration of prior sentences in the context of deterrence was proper."). Indeed, in United States v. David, we affirmed an upward variance imposed by Judge Kays in part for this reason, concluding that "the district court did not abuse its discretion in considering [defendant's] previous sentence as a 'benchmark' for finding the punishment that is apparently necessary to deter [defendant] from repeating his criminal behavior." 682 F.3d 1074, 1077-78 (8th Cir. 2012).

Here, Judge Kays carefully considered the various § 3553(a) factors and imposed the same 96-month sentence for the new felon-in-possession offense as the

court imposed for Manuel's 2011 felon-in-possession offense. The court made the 24-month supervised release revocation sentence consecutive to the felon in possession sentence, resulting in a total sentence of 120 months imprisonment, the statutory maximum for the new felon-in-possession offense.[2]

The § 3553(a) issues that Manuel raises on appeal do not establish that the court abused its substantial discretion. It is well-settled that factors taken into account in calculating the advisory guidelines range can form the basis of an upward variance, see, e.g., United States v. Thorne, 896 F.3d 861, 865 (8th Cir. 2018); that sentencing courts may consider prior convictions which accrue no criminal history points, see, e.g., United States v. Abrica-Sanchez, 808 F.3d 330, 335 (8th Cir. 2015); and that a sentencing court may vary upward based on criminal history already accounted for by the Guidelines, see, e.g., United States v. Barrett, 552 F.3d 724, 727 (8th Cir. 2009). The district court's focus on Manuel's criminal history -- including his "aged-out" convictions -- was appropriate considering Manuel's lengthy violent criminal record, combative behavior when arrested, and the fact that he committed the instant offense while on a second term of supervised release for a prior felon-in-possession conviction. See United States v. Donahue, 959 F.3d 864, 867 (8th Cir. 2020). And the court sympathetically acknowledged Manuel's drug addiction problem, recommending that he participate in the Bureau of Prisons' Residential Drug Abuse Program so he could better combat his addiction. See id.

For these reasons, we conclude the district court did not abuse its substantial discretion by imposing a total sentence of 120 months imprisonment that included a significant upward variance. The judgment of the district court is affirmed.

_____

---

[2]The advisory guidelines called for a consecutive sentence in this situation. See USSG §§ 5G1.3(d) & comment. (n.4(C)), 7B1.3(f) & comment. (n.4).