# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1129
_____

United States of America

*Plaintiff - Appellee*

v.

Jason Richard Heider

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: March 21, 2025
Filed: May 22, 2025
[Unpublished]
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Jason Richard Heider pled guilty to producing and receiving child pornography in violation of 18 U.S.C. §§ 2251(a), 2251(e), 2252(a)(2) and

2252(b)(1). The district court[1] sentenced him to 300 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Heider asserts the court procedurally erred in calculating the guidelines range because, after granting the U.S.S.G. § 5K1.1 substantial-assistance departure, it "failed to articulate a new guideline range before varying upward." Heider did not object at sentencing, and review is for plain error. *United States v. Troyer*, 677 F.3d 356, 358 (8th Cir. 2012). On plain error review, the defendant "must show that the district court committed an error that is clear or obvious, that the error affected his substantial rights, and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 358–59.

The parties agreed the guidelines range was 210 to 262 months. The government moved for "a sentencing reduction of 30% from the top of the advisory guidelines range," resulting in 183 months (about 15 years). Discussing the § 5K1.1 motion, the district court said:

> I cannot contemplate a world where a 15-year sentence is appropriate here. And so in the absence of the defendant's guilty plea and in the absence of a 5K1.1 motion here, I would have been stacking these two sentences and giving him a 50-year sentence. With these two motions, in other words, the acceptance of responsibility and cooperation, I will give him the 30-year sentence that I would give him, which credits him 40 percent off for having pled guilty and cooperated, but I cannot contemplate anything less than that in this case under a 3553(a) analysis.

The district court properly considered and calculated the substantial-assistance reduction. There was no plain procedural error.

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

Heider contends the sentence was substantively unreasonable. This court reviews for abuse of discretion. *United States v. Seys*, 27 F.4th 606, 611. "A sentencing court abuses its discretion when it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* at 611–12 (internal quotations marks omitted).

Heider argues that the "guidelines have already accounted for the aggravating factors in this case." But it "is well-settled that factors taken into account in calculating the advisory guidelines range can form the basis of an upward variance." *United States v. Manuel*, 73 F.4th 989, 993 (8th Cir. 2023). In no case is that more relevant than here. The district court's upward variance was based in significant part on the "absolutely unfathomably horrific" nature of the offense. At sentencing, the court said:

> This defendant actively sought out children he knew had been sexually abused previously and removed from the care of their parents and placed with David Woods, who was their foster father. He knew that David Woods was actively sexually abusing those boys and essentially loaning them out to other violent pedophiles for abuse, and knowing that, he gleefully—and I say gleefully because he uses smiley faces in his exchanges about how he raped this—went and raped this child, this prepubescent 12-year-old boy, and allowed David Woods to film it, and distributed it.
>
> He has all kinds of messages in his history indicating that this is something that's been going on for years with him, this seeking out of quite young children. He has interactions where he's attempting to have sexual contact with another foster child in this same home.
>
> . . . .

We've talked about what this crime was. On January 18th of 2021, the defendant traveled to Davenport, Iowa, for the express purpose of anally raping a prepubescent boy who was in foster care in the care of one of his associates, David Woods. Prior to the sexual assault, Woods had sent child pornography, photos and videos, featuring this boy to the defendant.

Defendant had enthusiastically discussed, you know, the upcoming assault of this boy and then enthusiastically described it after it happened to yet another man, using smiley faces and sarcastically talking about how much faith he had in the foster care system, given Woods' routine loaning out of these boys to pedophiles.

Of course, Woods videotaped this encounter because that was what Woods was into. He posted it. It is a case that eats at the soul, I think, of anybody who has to deal with it.

Heider also claims the district court failed "to provide weight to any positive factors." This is false. The court recognized "a fair amount of good that underlies the defendant." It discussed Heider's upbringing in a "loving home;" his good relationships with his husband, daughter, and ex-wife; his good physical condition without any serious mental health conditions; his minimal substance abuse history; his "bright" intellect and college education; and his lack of criminal history. The court also found that Heider's allocution was "very insightful," "honest" and "demonstrate[s] some maturity in learning." The court "was clearly aware of the [mitigating] facts alleged and took them into account." *United States v. Townsend*, 617 F.3d 991, 995 (8th Cir. 2010).

Ultimately, the court determined that Heider is an "incredibly dangerous . . . pedophile" who, although deserving of "credit for cooperating" still merited a 300-month sentence. This was not an abuse of discretion. *See United States v. Allison*, 814 F.3d 952, 954 (8th Cir. 2016) (upholding an upward variance based on the "disturbing" and "egregious" circumstances of the sexual exploitation of a child).

* * * * * * *

The judgment is affirmed.

_____