# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2171
_____

United States of America

*Plaintiff - Appellee*

v.

Jessie Michael Collins, also known as Jessie Collins

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 15, 2025
Filed: January 14, 2026
[Published]
_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Jessie Collins pleaded guilty to two counts of distribution of child pornography under 18 U.S.C. § 2252(a)(2). On appeal, Collins argues that the

district court[1] both procedurally erred and imposed a substantively unreasonable sentence. After careful review, we affirm.

## I.

### A.

After sending two videos and a still image depicting minors engaged in sexually explicit conduct to an undercover agent posing as a mother with a prepubescent child, Collins pleaded guilty to two counts of distribution of child pornography. At sentencing, Collins objected to allegations in the Presentence Report (PSR) that he had engaged in uncharged sexual conduct with a 12-year-old girl when he was 21 years old. The government called the minor—then a 25-year-old woman[2]—as a witness, and she confirmed the accuracy of the allegations. The district court found the witness's testimony was "completely true" and overruled the objection. Based on this finding, the district court applied a 5-level enhancement pursuant to U.S. Sent'g Comm'n, Guidelines Manual § 2G2.2(b)(5) (Nov. 2024) ("If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels.") and calculated an advisory Guidelines range of 262–327 months. The court imposed a 210-month sentence on each count, to run consecutively, for a total of 420-months' imprisonment.

### B.

"We review a district court's sentence in two steps, first reviewing for significant procedural error, and second, if there is no significant procedural error, we review for substantive reasonableness." United States v. Dickson, 127 F.4th 722, 726 (8th Cir. 2025) (quoting United States v. Ayres, 929 F.3d 581, 582–83 (8th Cir.

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

[2]We continue to refer to her here as "the minor."

2019)). "Procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" Id. at 726–27 (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). "When considering procedural error, the district court's factual findings are reviewed for clear error and its application of the guidelines *de novo*." United States v. Rooney, 63 F.4th 1160, 1170 (8th Cir. 2023) (citing United States v. Quiver, 925 F.3d 377, 380 (8th Cir. 2019)).

Because Collins failed to object at sentencing to the errors he asserts on appeal, we review for plain error. See United States v. Stokes, 750 F.3d 767, 771 (8th Cir. 2014). To show plain error, a litigant must demonstrate that "(1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." Id. (quoting United States v. Grimes, 702 F.3d 460, 470 (8th Cir. 2012); United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009)). In the sentencing context, an error affects a defendant's substantial rights "only if there is a reasonable probability that the defendant would have received a lighter sentence but for the error." Stokes, 750 F.3d at 771 (quoting Grimes, 702 F.3d at 470).

## C.

Collins argues the district court procedurally erred when it relied on a clearly erroneous fact to support the 5-level enhancement: that he was 21 years old at the time of the prior uncharged conduct. He points out that, according to the minor's testimony—which the district court credited in full, he "would have been no more than 18 years old at the time he met [the minor]."

We agree, and because this error was evident from the face of the PSR, it was plain. However, this error did not affect Collins's substantial rights. The undisputed facts show that Collins is approximately six years older than the minor, who was age 12 at the time, and the conduct qualified as "sexual abuse or exploitation of a minor."

-3-

See Ark. Code Ann. § 5-14-103(a)(3)(A) (defining rape as "sexual intercourse . . . with another person . . . [w]ho is less than fourteen (14) years of age. It is an affirmative defense . . . that the actor was not more than three (3) years older than the victim"); 18 U.S.C. § 2243(a) (Sexual abuse of a minor is "knowingly engag[ing] in a sexual act with another person who—has attained the age of 12 years but has not attained the age of 16 years; and is at least four years younger than the person so engaging."). Whether Collins was 18 or 21, the enhancement would still apply.

Collins nevertheless contends that the minor's mistake about his age calls into question her credibility as a whole. That may be so, but she confirmed other details about her contact with Collins, and she was able to establish the relevant timeframe of the uncharged conduct through reference to other life events. The district court did not mention Collins's specific age when addressing the facts underlying the enhancement, and we are not convinced that it would have come to a different credibility finding had it known the minor was wrong about this fact.

Next, Collins asserts that the district court erred in failing to identify a statutory basis for the § 2G2.2(b)(5) enhancement. As noted, for this enhancement to apply, the sentencing court must find that a defendant has engaged in "a pattern of activity involving the sexual abuse or exploitation of a minor." USSG § 2G2.2(b)(5). The commentary defines "sexual abuse or exploitation" to include "an offense under state law, that would have been an offense under any [of the identified federal statutes] if the offense had occurred within the special maritime or territorial jurisdiction of the United States[.]" Id. § 2G2.2, comment. (n.1). At sentencing, the district court failed to identify a qualifying criminal offense that prohibited Collins's prior uncharged conduct, nor was one named in the PSR.

We agree that this was error. Cf. United States v. Gleich, 397 F.3d 608, 615 (8th Cir. 2005) (reversing application of § 2G2.2 "pattern of activity" enhancement because defendant's prior conduct did not meet the definition of sexual abuse or exploitation of a minor). But again, Collins has failed to demonstrate that the error affected his substantial rights. The minor's testimony and the district court's

discussion with the parties about it provided Collins with adequate information about the basis for the enhancement and an opportunity to respond. Moreover, Collins does not assert that the prior uncharged conduct as alleged does not, in fact, fall within the definition of "sexual abuse or exploitation," and we have concluded there was no plain error in the district court's decision to find the allegations credible.

## D.

We now review Collins's sentence for substantive reasonableness for an abuse of discretion. "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Dickson, 127 F.4th at 729 (quoting Feemster, 572 F.3d at 461).

Collins argues that the district court gave significant weight to an improper factor when it imposed an above-range sentence based on factors already accounted for by the Guidelines. Imposing an upward variance based on factors used to calculate the Guidelines range is permissible, United States v. Ivory, 146 F.4th 693, 698 (8th Cir. 2025) (quoting United States v. Manuel, 73 F.4th 989, 993 (8th Cir. 2023)), but sentencing courts should "take care in doing so," United States v. Thorne, 896 F.3d 861, 865 (8th Cir. 2018) (per curiam). Here, the district court explained that Collins's history and conduct are "not really what the [G]uidelines are contemplating and call[] out for an over-the-[G]uidelines sentence[.]" According to the district court, the images that Collins possessed were "shocking to the conscience" and "not run of the mill." The district court raised concerns about Collins's danger to the public, describing his "predatory conduct" and emphasizing its "repeat[ed] nature." The district court also considered mitigating factors, such as Collins's own experience of sexual abuse as a child, but it gave the aggravating factors significantly more weight. See Ivory, 146 F.4th at 698 ("A district court has 'wide latitude . . . to assign some factors greater weight than others.'" (quoting

United States v. Haskins, 101 F.4th 997, 1000 (8th Cir. 2024)). We do not find an abuse of the district court's wide discretion here.

## II.

The judgment of the district court is affirmed.

_____