# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2181
_____

United States of America

*Plaintiff - Appellee*

v.

Leslie Apple

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Northern
_____

Submitted: February 13, 2026
Filed: April 8, 2026
[Unpublished]
_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.
_____

PER CURIAM.

Leslie L. Apple pled guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The district court[1] departed upward, sentencing her to 180 months in prison and five

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

years of supervised release. She appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Apple believes the court procedurally erred by failing to adequately explain its upward departure from criminal history Category IV to VI. "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." *United States v. Freeman*, 718 F.3d 1002, 1004 (8th Cir. 2013). "Failing to adequately explain an upward criminal history departure is a significant procedural error." *United States v. Plunkett*, 2024 WL 2974490, at *2 (8th Cir. June 13, 2024) (unpublished). But the district court is not required to "mechanically" discuss "each criminal history category it rejects." *United States v. Azure*, 536 F.3d 922, 931 (8th Cir. 2008). Rather, it must "provide sufficient indicia of why the intermediary categories are inappropriate." *Id*. at 932.

Here, the district court departed upward pursuant to U.S.S.G. § 4A1.3, which provided that an upward departure is warranted if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1) (2023). For a departure under § 4A1.3, "the district court should consider both the nature and the extent of the defendant's criminal history." *United States v. Hacker*, 450 F.3d 808, 812 (8th Cir. 2006) (citation omitted). This can include "prior similar adult criminal conduct not resulting in conviction." *Id*.; U.S.S.G. § 4A1.3(a)(2)(E).

The district court analyzed Apple's criminal history, including 17 state court convictions, four of which are felony convictions. Of those four, she did not receive criminal history points for one of them. For her misdemeanor convictions, she did not receive criminal history points for 11 of them. Even before sentencing, the court wrote a memo to the parties which it read into the record at sentencing:

Seldom, if ever, do I see such a report of unrelenting criminal conduct beginning as a juvenile and continuing until age 40.

. . . .

She has an unbelievable history of convictions for substance abuse related offenses, theft and fraud convictions, and a domestic violence offense that was reduced to a disorderly conduct. She has had an unbelievable history of committing these crimes with almost no action by state courts to put a stop to her crime waves. She has learned absolutely nothing from going to various state courts who fail to face the consequences of her unrelenting criminal activity.

. . . .

She has a criminal history category of IV. That significantly understates her actual criminal history and the likelihood that she will commit further crimes. All she has done during her lifetime is to commit crimes. She is a very dangerous career criminal, both to persons and items of property.

Considering all of this, the court said, "I find that there is a basis for an upward departure here, based on her actual criminal history being much higher than a V—than a IV, excuse me. Her actual criminal history and based upon the likelihood that she will commit further crimes is a VI, and the guidelines range on that is 140 to 175 months." Describing Apple's repeated criminal behavior during her lifetime, the district court provided sufficient indicia why criminal history Categories IV and V were insufficient. *See United States v. Mees*, 640 F.3d 849, 855 (8th Cir. 2011) ("Although the district court did not specifically mention that it had considered the criminal histories of other offenders in each intermediate criminal history category, its findings were adequate to explain and support the departure in this particular case."). It did not procedurally err in calculating her criminal history category.

II.

Apple contends the court substantively erred in imposing her sentence. This court reviews for abuse of discretion. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). It is "the unusual case when we reverse a district court sentence –whether within, above, or below the applicable Guidelines range— as substantively unreasonable." *Id*. at 464.

As discussed, the district court found a basis for an upward departure from criminal history category IV to criminal history category VI. However, the district court noted that it "would have imposed the same sentence regardless of the guidelines, based upon the statutory factors set forth in 18 United States Code § 3553." "Although prior convictions are incorporated in the guidelines range, we have repeatedly stated that 'a sentencing court may vary upward based on criminal history already accounted for by the Guidelines.'" *United States v. Bell-Washington*, 125 F.4th 870, 874 (8th Cir. 2025), *quoting United States v. Manuel*, 73 F.4th 989, 993 (8th Cir. 2023). Further, it "is well-settled that factors taken into account in calculating the advisory guidelines range can form the basis of an upward variance" and a sentencing court "may consider prior convictions which accrue no criminal history points." *Manuel*, 73 F.4th at 993.

After calculating the base offense level and granting acceptance of responsibility, the district court found a total offense level of 25 and a guidelines range of 110-137 months. Deciding on a sentence of 180 months based on a criminal history category of VI, the court considered Apple's upbringing, her low level of education, and her responsibilities to her children. It also considered the other § 3553(a) factors, including the drug quantities/types and the fact that she was the "prime person in this operation." Apple's "disagreement with how the district court weighed the § 3553(a) factors does not demonstrate abuse of discretion." *Bell-Washington*, 125 F.4th at 873. The district court did not abuse its discretion by imposing a 180-month sentence.

* * * * * * *

The judgment is affirmed.

_____