# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1193

_____

United States of America

*Plaintiff - Appellee*

v.

Jerry Matthew Chasing Hawk

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: October 19, 2012
Filed: December 6, 2013
[Unpublished]

_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jerry Chasing Hawk was convicted by a jury of sexual abuse of an incapacitated person in violation of 18 U.S.C. § 2242(2). He appeals his conviction on multiple grounds, including that the jury instructions erroneously omitted a mens rea requirement of proof of his knowledge of the victim's incapacity. The recent

decision of our en banc court in <u>United States v. Bruguier</u>, No. 11-3634 (8th Cir. Nov. 5, 2013) reversed our prior interpretation of the statute under which he was convicted. We therefore now reverse and remand to the district court.

Following a night of drinking, Chasing Hawk was in a hotel room with his girlfriend's daughter, Rheta Fischer, and Fischer's brother. Rheta Fischer testified that she laid down on the bed on her stomach and fell asleep fully clothed. She awoke to pain in her anal area, and turned around to see Chasing Hawk with his penis inside her anus. Her pants and underwear had been removed. Fischer immediately got up, woke her brother, and told him what had happened. The brother was heavily intoxicated and left the room with Chasing Hawk to go to breakfast. Fischer then called the police and reported the sexual assault.

Police promptly arrested Chasing Hawk, and he denied having any sexual contact with Fischer. Once Chasing Hawk's skin cell DNA was found inside Fischer's underwear, however, he admitted to having had sex with her. He claimed that Fischer had initiated a consensual encounter with him in which he had unsuccessfully attempted to have vaginal intercourse with her. Chasing Hawk was found guilty of sexual abuse of an incapacitated person in violation of 18 U.S.C. § 2242(2), and sentenced to 132 months.

Chasing Hawk appeals his conviction, arguing that the district court erred by not requiring the government to prove beyond a reasonable doubt his knowledge of Fischer's incapacity at the time of the sexual assault, admitting evidence that Chasing Hawk had committed a prior sexual assault, excluding impeachment evidence that the victim had made a prior rape allegation, and adding a vulnerable victim enhancement at sentencing. Chasing Hawk proposed jury instructions containing as an element "[t]hat Jerry Chasing Hawk knew that Rheta Fischer was incapable of appraising the nature of the conduct and was physically incapable of declining participation in and

2

communicating unwillingness to engage in [the] sexual act."  The district court did not include this element in its instructions to the jury.  Our review is de novo "when the refusal of a proffered instruction simultaneously denies a legal defense." United States v. Young, 613 F.3d 735, 744.

Our decision in United States v. Bruguier, No. 11-3634, slip op. at 6–7, clarifies that 18 U.S.C. § 2242(2) contains mens rea elements under which the defendant must have knowledge not only that he was engaging in a sexual act, but also that the victim was incapacitated.  Because Chasing Hawk requested and was denied jury instructions that would have required the jury to find that he had knowledge of Fischer's incapacity, he was also denied his potential legal defense that he did not know she was incapacitated at the time of his sexual act.  See id. at 15.

We therefore reverse Chasing Hawk's conviction for sexual abuse under 18 U.S.C. § 2242(2) and remand the case for further proceedings consistent with Bruguier.

_____