# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 11-3039

———————————————

United States of America

*Plaintiff - Appellee*

v.

Larry Rouillard

*Defendant - Appellant*

——————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————

Submitted: March 16, 2012
Filed: January 24, 2014
[Published]

——————

Before RILEY, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

——————

PER CURIAM.

Larry Rouillard brings this appeal following his conviction of sexual abuse of an incapacitated person in violation of 18 U.S.C. § 2242(2) and 18 U.S.C. § 1153. Rouillard argues the district court erred in refusing to give Rouillard's proposed jury instructions and in denying his motion for acquittal based upon the insufficiency of the evidence to support his conviction. Because this Court, en banc, has recently

clarified the mens rea element of section 2242(2), we reverse and remand to the district court.[1]

I.

Both Rouillard and the alleged victim, Marsha Chapman Reyes, are enrolled members of the Santee Sioux Nation Indian tribe. The events giving rise to the charge against Rouillard occurred on the night of May 29, 2010, at the residence of Reyes's mother, which is located on the tribe's reservation in Nebraska.[2]

The accounts of Rouillard and Reyes diverge as to what occurred that night. Reyes testified that, after an evening of drinking with Rouillard, she retired to her room and awoke the next morning realizing that she had been raped by Rouillard during the night, while she was unconscious, and that she had no recollection of having sexual contact with him. On the other hand, Rouillard testified that he accompanied Reyes to her room where she remained conscious and consented to sexual contact with him.

At the conclusion of the evidence, a jury found Rouillard guilty of violating 18 U.S.C. § 2242(2). The trial court denied Rouillard's motion for a judgment of acquittal, and Rouillard was sentenced to a term of 30 months imprisonment and five years of supervised release.

---

[1]This case returns to our panel by the en banc court's withdrawal of its rehearing order.

[2]We note that Rouillard stipulated to federal Indian country jurisdiction under 18 U.S.C. § 1153.

II.

Because the point is dispositive, we address only Rouillard's jury instruction argument applying a de novo standard of review. United States v. Young, 613 F.3d 735, 744 (8th Cir. 2010) ("[A]lthough district courts exercise wide discretion in formulating jury instructions, when the refusal of a proffered instruction simultaneously denies a legal defense, the correct standard of review is de novo." (emphasis omitted) (citation omitted)).

Rouillard proposed a jury instruction that would have required the jury to find not only that Rouillard engaged in a sexual act with Reyes while she was incapable of consenting, but that "[t]he defendant knew that . . . Reyes was incapable of appraising the nature of the conduct, or that she was physically incapable of declining participation in, or communicating an unwillingness to engage in, that sexual act." The trial court rejected the proposed instruction, finding Rouillard's knowledge that Reyes was incapacitated was not an element of the offense.

Recently, this Court, in United States v. Bruguier, 735 F.3d 754, 760-61 (8th Cir. 2013) (en banc), explained that the mens rea element under 18 U.S.C. § 2242(2) requires that the defendant have knowledge not only that he or she is engaging in a sexual act, but also that the victim is incapacitated. Because Rouillard requested and was denied such an instruction, we reverse his conviction. We also vacate the district court's denial of Rouillard's motion for acquittal. We remand this matter for further proceedings.

The mandate shall issue forthwith.

_____