KELLY, Circuit Judge.
Anthony Fast Horse appeals his conviction for one count of criminal sexual conduct in violation of 18 U.S.C. §§ 1153, 2242(2), 2246(2)(A). In addition to several evidentiary arguments, Fast Horse argues on appeal that the mens rea jury instruction denied him a legal defense. He also appeals the application of the vulnerable victim sentence enhancement pursuant to U.S. Sentencing Guidelines Manual (“USSG”) § 3Al.l(b)(l) (2012). The government must prove beyond a reasonable doubt Fast Horse’s knowledge that his victim lacked the capacity to consent to sexual conduct. See United States v. Bruguier, 735 F.3d 754, 757-63 (8th Cir.2013) (en banc). Because the jury instructions did not require the jury to make such a finding, we reverse Fast Horse’s conviction and remand for a new trial.
I. Background
Anthony Fast Horse and Ina Crow Dog were each charged with five counts of sexual abuse of Kimberly Clairmont (Counts I and II) and Quintina Little Elk (Counts III, IV and V), each count corresponding to a different episode of substantially similar conduct. Crow Dog pled guilty to Count III in exchange for dismissal of the other charges; four days later, she filed an amended plea agreement substituting Count TV for Count III, and the other charges were dismissed. Just before Fast Horse’s trial, Little Elk recanted the allegations that led to Count III. Fast Horse went to trial on the remaining counts; he was acquitted of Counts I, II, and V, and he was found guilty of and sentenced for Count IV.
In Count IV, Fast Horse and Crow Dog were charged with the sexual abuse of Little Elk. See 18 U.S.C. § 2242(2).[1] Fast Horse and Crow Dog were married, and Crow Dog is Little Elk’s older half-sister. Little Elk testified that she went to Crow Dog and Fast Horse’s house because Crow Dog had asked her to help clean up for a party. When Little Elk started to doze off on a couch during the party, Crow Dog asked her to rest instead in the bedroom Crow Dog and Fast Horse shared. After some time sleeping in the bed, Little Elk awoke to find Fast Horse having sexual intercourse with her; he stopped when she pushed him away.
II. Discussion
The parties disagree as to the standard of review for the district court’s jury instruction regarding Fast Horse’s mens rea. The government argues that since Fast Horse did not explicitly object to the relevant jury instruction as to its treatment of mens rea, he has forfeited his appeal of this issue other than for plain error. See United States v. Poitra, 648 F.3d 884, 887 (8th Cir.2011) (“We typically review a challenge to jury instructions for an abuse of discretion. Where a party fails to timely object to an instruction at trial, however, we review only for plain error.” (citation omitted)). Citing Bruguier, Fast Horse maintains that we should review this instruction de novo because the final jury instructions’ omission of an ele *1042 ment of the offense — namely, his knowledge of Little Elk’s incapacity — denied him the defense that he lacked such awareness. See Bruguier, 735 F.3d at 757 (quoting United States v. Young, 613 F.3d 735, 744 (8th Cir.2010)). We assume, without deciding, that Fast Horse’s objection to the relevant instruction was insufficientr ly specific, and we apply plain error review.
In reviewing for plain error, we have the discretion to reverse the district court if the defendant shows “(1) an error, (2) that was ‘plain,’ (3) ‘affects substantial rights,’ and (4) ‘the error seriously affects the fairness, integrity or public reputation of judicial proceedings.’ ” United States v. Rush-Richardson, 574 F.3d 906, 910 (8th Cir.2009) (quoting United States v. Olano, 507 U.S. 725, 735-36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), for plain error factors). A jury instruction is plainly erroneous if it misstates the law. United States v. Wisecarver, 598 F.3d 982, 989 (8th Cir.2010). Although our en banc decision in Bruguier post-dates Fast Horse’s trial, for these purposes “it is enough that an error be ‘plain’ at the time of appellate consideration.” Henderson v. United States, — U.S. -, 133 S.Ct. 1121, 1130-31, 185 L.Ed.2d 85 (2013); United States v. Webster, 84 F.3d 1056, 1067 (8th Cir.1996) (“the proper focus is the law applicable on appeal rather than at trial”).
“Jury instructions are adequate if, taken as a whole, [they] adequately advise the jury of the essential elements of the offenses charged and the burden of proof required of the government.” United States v. Rice, 449 F.3d 887, 895 (8th Cir.2006) (quotation omitted). Since it is clear from Bruguier that for a sexual abuse conviction under 18 U.S.C. § 2242(2), a jury must find beyond a reasonable doubt the defendant’s knowledge of his or her victim’s incapacity, the district court’s instructions would misstate the law if they did not “adequately advise” the jury of this element. See Bruguier, 735 F.3d at 761 (“ ‘[K]nowingly’ in section 2242(2) applies to each element of the offense.”). In this case, the court instructed the jury as follows:
The crime of sexual abuse, as charged in Count IV of the indictment, has five elements, which are:
One, that on or about the 1st day of December, 2010, and the 31st day of December, 2010, Anthony Fast Horse engaged in a sexual act with Quintina Little Elk;
Two, that at the time of such act, Quintina Little Elk was incapable of appraising the nature of the conduct or was physically incapable of declining participation in, or communicating her unwillingness to engage in, that sexual act;
Three, that Mr. Fast Horse committed such act knowingly;
Four, that Mr. Fast Horse is an Indian; and
Five, that the offense took place in Indian Country.
If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime charged in Count IV of the indictment, otherwise you must find the Defendant not guilty of this crime.
Final Jury Instructions at 10, No. 12-30034, ECF No. 201. The district court rejected Fast Horse’s proposed jury instruction on this same count. That instruction proposed an expansion of the third element regarding mens rea and would have required the jury to find beyond a reasonable doubt as follows:
3. That Anthony Fast Horse and Ina Crow Dog knew that Quintina Little Elk was incapable of appraising the nature of the conduct and was physically incap *1043 able of declining participation in and communicating unwillingness to engage in that sexual act.
Proposed Jury Instructions at 4, No. 12-30034, ECF No. 151-1 (emphasis added).[2]
The jury instructions in this case do differ from the instructions given in Bruguier, which we found had “erroneously omitted a mens rea element.” Bruguier, 735 F.3d at 756. In Bruguier, the final instructions told the jurors that, in order to convict Bruguier, they must find beyond a reasonable doubt (1) that he “did knowingly cause or attempt to cause Crystal Strieker to engage in a sexual act”; and (2) “that Crystal Strieker was physically incapable of declining participation in and communicating unwillingness to engage in that sexual act.” Id. at 757. Thus, in Bruguier, the district court included the mens rea requirement, “knowingly,” only in the element requiring the jury to find that the defendant had committed the sexual act. In contrast, the district court in this case included a separate element altogether for the mens rea requirement; it did not include mens rea in either the conduct element (first element) or the incapacity element (second element) of the offense. That additional element simply required the jury to find “that Fast Horse committed such act knowingly.” The question is, then, whether this instruction, as given, properly required the jury to find beyond a reasonable doubt both that Fast Horse knowingly committed the sexual act and that he knew Quintina Little Elk was incapable of appraising the nature of the conduct or was physically incapable of declining participation in, or communicating her unwillingness to engage in, that sexual act. We conclude the instruction did not.
Pursuant to element one, the jury was instructed it had to find that Fast Horse “engaged in a sexual act.” Element two provided that “at the time of such act,” Little Elk lacked the capacity to consent in “that sexual act.” Finally, element three, the only element that instructed the jury on mens rea, required the jury to find “that Mr. Fast Horse committed such act knowingly.” Thus, the second and the third elements referred back to “such act” and “that sexual act” — both of which must be the “sexual act” described in element one. There is no other “act” described in the instruction. A fair and logical reading of the instruction therefore leads to the conclusion that the jury was required to find only that Fast Horse knew he was committing the sexual act at issue, but not that he knew Little Elk lacked the capacity to consent to that sexual act. This jury instruction shared the same inaccurate statement of the law as the instruction in Bruguier. See Bruguier, 735 F.3d at 757 (jury required to find only that Bruguier “did knowingly cause or attempt to cause Crystal Strieker to engage in a sexual act”). The court’s use of jury instructions that misstated the law constituted plain error.. Fast Horse thus meets the first and second prongs of the Olano plain error test.
Under the third prong of the Olano test, the erroneous instruction must have affected the defendant’s substantial rights. The instruction must have been prejudicial, meaning that there was not a certainty, but a “reasonable probability that, but for [the error claimed], the result of the proceeding would have been different.” Wisecarver, 598 F.3d at 989 (citation omitted). See United States v. Rice, 449 F.3d 887, 896 (8th Cir.2006) (no plain error where fraud jury instructions did not define “intent to defraud,” but did define similar *1044 terms such that the requisite mens rea was clear, and “overwhelming” evidence demonstrated that Rice “was aware” of a legal requirement that he repeatedly sought to evade and then violated); United States v. Pinque, 234 F.3d 374, 378 (8th Cir.2000) (no plain error where conspiracy jury instructions omitted the requirement for jury to find that defendant conspired with at least one person who was not a government agent, where jury heard “a great deal of evidence.tending to show” exactly that). Here, neither party presented evidence during the trial on Fast Horse’s knowledge of Little Elk’s incapacity or argued it in closing. Had the jury instructions required the government to prove this element beyond a reasonable doubt, presumably both parties would have presented additional evidence and argument on that element. Moreover, answering this question requires credibility determinations that are the province of the jury, rather than evidence currently available in the record. We therefore cannot say there was “overwhelming” evidence on this point. See Rice, 449 F.3d at 896. In this situation, we find it reasonably probable, see Wisecarver, 598 F.3d at 989, that the verdict would have been different with jury instructions that accurately reflected the elements of 18 U.S.C. § 2242(2).
Finally, where a defendant has been denied “his Sixth Amendment right to a jury determination of an .important element of the crime, the integrity of the judicial proceeding is jeopardized.” United States v. Baumgardner, 85 F.3d 1305, 1310 (8th Cir.1996). See also Webster, 84 F.3d at 1067 (“[Bjecause it is unclear whether a properly instructed jury would have found [defendant] guilty,” failing to correct the district court’s error would “result in a miscarriage of justice.” (citation omitted)). Given the current state of the law and the omission of a clear, accurate mens rea jury instruction, the fourth prong of the Olano test is satisfied, and we have the discretion to reverse Fast Horse’s conviction on plain error review.-
We note that other defendants who appealed their convictions’ under 18 U.S.C. § ’ 2242(2) based on the mens rea jury instruction have been granted new trials after our en banc decision in Bruguier. See United States v. Rouillard, 740 F.3d 1170 (8th Cir.2014) (reversing conviction after Bruguier, given similar proffered and denied jury instructions); United States v. Chasing Hawk, 546 Fed.Appx. 604 (8th Cir.2013) (same). Given our obligation to ensure both that Fast Horse’s constitutional rights are protected and that justice is administered' consistently, we reverse Fast Horse’s conviction.
III. Conclusion
We reverse Fast Horse’s conviction and remand for a new trial. We therefore need not address his remaining claims on appeal. See Rush-Richardson, 574 F.3d at 913 (declining to reach sentencing arguments given the decision to reverse conviction).

. In areas subject to federal jurisdiction, "[wjhoever ... knowingly ... (2) engages in a sexual act with another person if that person is — (A) incapable of appraising the nature of the conduct; or (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act; or attempts to do so” may be found to have committed the crime of sexual abuse under 18 U.S.C. § 2242(2).

. The proposed instruction refers to Ina Crow Dog because she had not yet pled guilty at the time it was submitted.