COLLOTON, Circuit Judge,
dissenting.
The court vacates yet another conviction of a sexual aggressor who engaged in sexual intercourse with a woman who was passed out or asleep. The font of these reversals, United States v. Bruguier, 735 F.3d 754 (8th Cir.2013) (en banc), held by the narrowest of margins that 18 U.S.C. § 2242(2) requires a jury to find that a perpetrator of sexual abuse acted with actual knowledge that his victim was incapacitated. The court’s decision in this case, however, goes well beyond Bruguier. It dilutes the plain error standard of review and grants relief to a defendant, Anthony Fast Horse, who failed to object and cannot meet his burden of showing a clear error or prejudice based on a jury instruction that is materially different from the *1045 instruction in Bruguier. I would affirm the judgment.
During his trial on charges of committing sexual abuse in Indian country, Fast Horse proposed a jury instruction concerning § 2242(2). Under his proposal, one element of the offense was that the defendant “knew that [the victim] was incapable of apprising the nature of the conduct and was physically incapable of declining participation in and communicating unwillingness to engage in that sexual act.” R. Doc. 151-1, at 4. This proposal was an incorrect statement of the law, as it required the government to prove that Fast Horse knew the victim suffered from three types of incapacity, whereas the statute as construed in Bruguier requires knowledge of only one. The district court declined to adopt Fast Horse’s proposal and stated the elements in a different way. R. Doc. 201, at 10. At the conference on final jury instructions, Fast Horse did not object to the way in which the district court expressed the knowledge requirement of § 2242(2). T. Tr. 478-494.
Federal Rule of Criminal Procedure 30 provides that to preserve an objection to jury instructions for appellate review, a party must “inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate.” Merely proposing a jury instruction at an earlier stage of the proceeding (even one that correctly states the law) is insufficient to preserve a claim of error in the final instructions. A defendant must lodge a specific objection in response to the final instructions proposed by the court. United States v. Tobacco, 428 F.3d 1148, 1150 (8th Cir.2005); United States v. Hecht, 705 F.2d 976, 979 (8th Cir.1983); United States v. Kutrip, 670 F.2d 870, 876 (8th Cir.1982); United States v. Parisien,, 574 F.2d 974, 976 (8th Cir.1978); United States v. Byrd, 542 F.2d 1026, 1028 (8th Cir.1976). Fast Horse made no such objection. His only objection to the pertinent instruction was that it should address “the absence of consent.” T. Tr. 482-83. He therefore forfeited any challenge to the knowledge element of the instruction, and the plain error standard of Federal Rule of Criminal Procedure 52 governs our appellate review. See generally United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).[3]
To justify relief under the plain error standard of Rule 52, Fast Horse must show that the district court committed an error, that the error was obvious, that the error prejudiced him, and that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Id. at 732, 113 S.Ct. 1770. “Meeting all four prongs is difficult, as it should be.” *1046 Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (internal quotation omitted). Fast Horse cannot meet this burden.
The district court’s final jury instruction regarding § 2242(2) included five elements:
The crime of Sexual Abuse, as charged in Count IV of the indictment, has five elements, which are:
One, that on or about the 1st day of December, 2010, and the 31st day of December, 2010, Anthony Fast Horse engaged in a sexual act with [the alleged victim];
Two, that at the time of such act, [the alleged victim] was incapable of appraising the nature of the conduct or was physically incapable of declining participation in, or communicating her unwillingness to engage in, that sexual act;
Three, that Mr. Fast Horse committed such act knowingly;
Four, that Mr. Fast Horse is an Indian; and
Five, that the offense took place in Indian Country
If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime charged in Count IV of the indictment, otherwise you must find the Defendant not guilty of this crime.
R. Doc. 201, at 10.
The court, ante, at 1041-42, 1043-44, subtly converts plain-error review to de novo review by asserting that Fast Horse need only show that the final jury instruction “misstated the law.” But any error in the instruction must be plain to justify relief under Rule 52, and a jury instruction that does not clearly and obviously misstate the law fails to qualify. See, e.g., United States v. Ganim, 510 F.3d 134, 151 (2d Cir.2007) (Sotomayor, J.) (although jury charge “introduced unnecessary ambiguity,” there was no plain error because any error was not “clear or obvious.”); United States v. Thayer, 201 F.3d 214, 222 (3d Cir.1999) (explaining that under plain-error review, “[w]hen a jury instruction is ambiguous and open to an unconstitutional interpretation, ... we will reverse only if the ambiguity in the instruction is ‘sure’ to have had a prejudicial effect.”). Under its more lenient approach, the court reasons that the instruction was wrong, because the third element — that Fast Horse “committed such act knowingly” — meant only that Fast Horse knew he engaged in a sexual act, not that he knew the victim was incapacitated. But a common-sense jury, attempting in good faith to follow the instruction, could just as well have read it as a progression, in which the third element encompassed the two elements that came before, and the “act” that Fast Horse committed knowingly was defined by the second element as a sexual act with an incapacitated person. “Like so much other legalese, such is inherently ambiguous.” Bryan A. Garner, Learn Them and Ax Them: Here are a few suggestions to build your own ‘Index Expurgatorius’, ABA Journal Magazine, Apr. 2014. The instruction’s ambiguity left room for a jury to decide that Fast Horse was not guilty because he lacked knowledge of the victim’s incapacity, which may explain why Fast Horse’s capable counsel did not object. It is not the stuff of plain error.
Fast Horse also makes no showing that he was prejudiced by the instruction. The court, ante, at 1044, again subtly converts what should be plain-error review to ordinary harmless-error review by presuming that Fast Horse would present additional evidence in a new trial with different instructions and concluding that the prejudice inquiry cannot be resolved based on “evidence currently available in the record.” The burden, however, rests with *1047 Fast Horse to show, on the current record, that he was prejudiced. It is “our obligation as an appellate court to apply the third and fourth Olano factors based upon the existing record on appeal.” United States v. Pirani, 406 F.3d 543, 552 (8th Cir.2005) (en banc). That Fast Horse supposedly had no reason to present evidence or make argument about absence of knowledge does not relieve him of the burden. We rejected that notion in Pirani, where the defendant had no reason to argue for a variance from the then-mandatory sentencing guidelines, but we held that where the record is silent, and the effect of the alleged error is “uncertain or indeterminate-where we would have to speculate— the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error.” Id. at 553 (internal quotation omitted).
Even on the court’s own terms, the presumption that Fast Horse forwent presenting additional evidence on the element of knowledge is speculative and unwarranted by the circumstances. Fast Horse proposed a jury instruction that would have expressly required the jury to find that he knew of the victim’s incapacity. The district court did not settle the final jury instructions until after the close of the evidence, at which time the court determined to give the instruction described above. Before the instructions were resolved, the district court did not exclude any evidence that Fast Horse sought to introduce on the issue of knowledge. If Fast Horse had additional evidence that would raise doubt about his knowledge of the victim’s incapacity, then he had no reason to withhold it during the trial while a decision on final jury instructions was pending.
Knowledge is rarely proved by direct evidence, and the government presented strong circumstantial evidence that Fast Horse knew the victim was incapacitated. The victim testified that she attended a party at Fast Horse’s residence where the victim and others drank alcohol. During the party, she went into a bedroom, which Fast Horse shared with the victim’s sister, and passed out while fully clothed. She later awakened with Fast Horse on top of her, engaging in sexual intercourse; her clothing had been removed, except for an undershirt. Fast Horse did not get off when she called for him to stop, and she had to push him away. The jury indisputably found beyond a reasonable doubt that the victim was incapacitated when Fast Horse engaged in the sexual act. The circumstances of the offense and the close proximity of the perpetrator to the victim provided ample reason to conclude that Fast Horse knew full well that the victim was incapacitated. Fast Horse points to nothing in the record to suggest that a different jury acting under different instructions would have acquitted him based on doubt about whether he thought the sleeping victim was awake when he penetrated her.
A third manifestation of the court’s departure from plain-error review — this one, not so subtle — is an appeal to ensure that “constitutional rights are protected” and that “justice is administered consistently.” Ante, at 1044-45. “But the seriousness of the error claimed does not remove consideration of it from the ambit of the Federal Rules of Criminal Procedure.” Johnson v. United States, 520 U.S. 461, 466, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). And of course plain-error review, by its very nature, means that some defendants who forfeit a claim of error will be denied relief while those who make appropriate objection will succeed on appeal. “No procedural principle is more familiar ... than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the *1048 right before a tribunal having jurisdiction to determine it.” Yakus v. United States, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944).
Neither decision cited by the court regarding § 2242(2), United States v. Rouillard, 740 F.3d 1170 (8th Cir.2014), or United States v. Chasing Hawk, 546 Fed.Appx. 604 (8th Cir.2013) (unpublished), granted relief based on a comparable jury instruction after applying plain-error review. The court neglects to mention, moreover, that Chasing Hawk was an unpublished decision and is not precedent. 8th Cir. R. 32. 1A. The court suggests that Rouillard granted relief “given similar proffered and denied jury instructions,” but fails to describe critical differences between that case and this one. The defendant in Rouillard proffered a correct statement of the law as construed in Bruguier and made a contemporaneous objection to the final instructions in compliance with Rule 30. Fast Horse proffered an erroneous statement of the law and made no contemporaneous objection to the final instruction on knowledge. The final instruction in Rouillard was the same as in Bruguier; the instruction in this case was different. The court in Rouillard conducted ordinary review; Fast Horse is limited to plain-error review and bears the burden to show prejudice.
For these reasons, there was no plain error in the jury instructions that warrants relief. Seeing no merit to Fast Horse’s other challenges to his conviction, and no material distinction between this case and United States v. Betone, 636 F.3d 384, 388 (8th Cir.2011), on the application of USSG § 3A1.1(b)(1) at Fast Horse’s sentencing, I would affirm the judgment 'of the district court.

. The court, ante, at 1041-42, attributes to Fast Horse an argument that Bruguier provides for de novo review of the alleged instructional error. The Bruguier court's discussion of standard of review, however, concerned how to review a preserved claim of error in the jury instructions defining the elements of § 2242(2). On that issue, which is not presented here, Bruguier deviated from circuit precedent by applying de novo review. The defendant in Bruguier complained that the final instructions omitted an element of the offense. Our pre-Bru-guier cases reviewed a claim that jury instructions omitted an element of the charged offense for abuse of discretion. See United States v. Dvorak, 617 F.3d 1017, 1024 (8th Cir.2010); United States v. Dooley, 580 F.3d 682, 685 (8th Cir.2009); United States v. Williams, 308 F.3d 833, 837 (8th Cir.2002). De novo review was applied where a defendant claimed that the instructions denied him a legal defense, such as entrapment, insanity, coercion, or self-defense. E.g., United States v. Chase, 717 F.3d 651, 653 (8th Cir.2013); United States v. Young, 613 F.3d 735, 744 (8th Cir.2010) (cited in Bruguier, 735 F.3d at 757); United States v. Harper, 466 F.3d 634, 649 (8th Cir.2006); United States v. Davis, 237 F.3d 942, 945 (8th Cir.2001); United States v. Long Crow, 37 F.3d 1319, 1323 (8th Cir.1994).