# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2534

_____

United States of America

*Plaintiff - Appellee*

v.

Gabriel John Ayres

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 17, 2019
Filed: July 3, 2019

_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

_____

BEAM, Circuit Judge.

Gabriel John Ayres pleaded guilty to a single count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). The district court[1] varied upward from the Guidelines sentence (the statutory mandatory minimum

____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

120-month sentence) and imposed a sentence of 140 months followed by fifteen years of supervised release. On appeal, Ayres argues the sentence is constitutionally infirm, claiming that the district court relied upon contested and unproven allegations contained in the presentence investigation report (PSR) in arriving at the imposed sentence.

We review a district court's sentence in two steps, first reviewing for significant procedural error, and second, if there is no significant procedural error, we review for substantive reasonableness. United States v. O'Connor, 567 F.3d 395, 397 (8th Cir. 2009). "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." United States v. Quiver, 925 F.3d 377, 380 (8th Cir. 2019) (quoting United States v. Barker, 556 F.3d 682, 689 (8th Cir. 2009)). "Our review of the substantive reasonableness of a sentence for abuse of discretion is highly deferential." Id. (quoting United States v. Cole, 765 F.3d 884, 886 (8th Cir. 2014)).

Ayres does not expressly characterize his challenge on appeal as one raising a procedural error or as a challenge to the substantive reasonableness of his sentence. At sentencing, however, Ayres did discuss and challenge the basis of any potential variance the court might impose, arguing that doing so would merely serve as a mask for the court's reliance on the PSR enhancements and the facts underlying them–an argument more akin to a procedural challenge. See United States v. Cloud, No. 18-1170, 2019 WL 2494523, at *1 (8th Cir. June 17, 2019). Whether we follow the line of authority that categorizes a district court's consideration of an allegedly improper or irrelevant factor as a procedural error, or consider Ayres' argument as a substantive challenge (claiming the district court gave significant weight to an improper or irrelevant factor), we find no error and affirm the sentence as reasonable. United States v. Sadler, 864 F.3d 902, 904 (8th Cir. 2017).

The PSR in this case was prepared after the parties entered into the plea agreement. In the plea, the parties stipulated to a sentence calculation that resulted in a criminal history category of IV and an advisory Guidelines range of 77 to 96 months. However, because Ayres had a previous conviction for criminal sexual conduct involving a minor, the resulting Guidelines sentence was 120 months, the statutory mandatory minimum. 18 U.S.C. § 2252(b)(2). In preparing the PSR, the probation officer obtained further information from one of Ayres' prior criminal convictions and a civil commitment proceeding, including the results from a polygraph test during which Ayres admitted to sexual contact with three female minor children. On *that* information, and based on a review of the images retrieved in this case, the PSR included suggested enhancements for sadistic, masochistic, or other violent conduct; and engagement in a pattern of activity involving the sexual abuse or exploitation of a minor. This calculation resulted in a criminal history category of V and an advisory Guidelines range of 210 to 240 months. Ayres objected to the factual findings contained in the PSR that supported the calculated enhancements.

At sentencing, in conformity with the parties' plea agreement, the government objected to the four-level enhancement for the portrayal of sadistic or masochistic conduct, and the five-level enhancement for the pattern of activity involving sexual abuse or exploitation of a minor. Ayres also objected to the use of the aforementioned PSR factual information as a means to enhance his sentence. As to the merits of the information regarding his polygraph admission to sexual contact with three minor children, Ayres told the district court that he lied in that polygraph for the civil commitment proceeding because he was told at the time by fellow attendees in a treatment center that if he admitted to such acts similar to the one of conviction, it would make the process easier. The district court did not apply the enhancements suggested in the PSR in its sentencing calculation, and adopted the parties' Guidelines calculations. The court did, however, vary upward after its consideration of the 18 U.S.C. § 3553(a) factors.

Contrary to Ayres' claim, our review of the sentencing colloquy reveals that the district court did not sentence Ayres based on the contested factual allegations set forth in the PSR included to support the suggested enhancements. Although the district court referenced "all the information that we've already discussed" before counsel for Ayres advocated on his behalf for a particular sentence, when the court conducted its colloquy, it thoroughly explained the sentence imposed and its reason for varying upward from the 120-month statutory mandatory minimum. The court noted how Ayres' sentence would compare to other defendants similarly situated, and Ayres' previous fugitive status on two separate occasions. Too, the court referenced Ayres' own contention that he admitted to lying on a polygraph test about abusing more children in order to manipulate his civil commitment proceeding, and acknowledged Ayres' admission to a lack of self control in searching the images giving rise to the instant charge. Given those events, the court noted that Ayres could not be trusted and was unreliable. The court made no finding as to whether, in fact, Ayres committed the additional assaults he admitted in the earlier polygraph. All of these facets of the district court's analysis address the court's consideration of the nature and circumstances of the offense and the history and characteristics of Ayres. The court did not, as Ayres now argues, surreptitiously achieve the same result as that advanced by the PSR simply by varying upward. Rather, the court arrived at a sentence it felt "ought to be enough to promote respect for the law and reflect the seriousness of the offense for which [Ayres was] convicted. Anything less would not adequately punish [Ayres] . . . [and] would not adequately protect the public, and it would result in unwarranted sentencing disparities." Finding no error, and the district court's thorough § 3553(a) analysis reasonable, we affirm.

_____