# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3005
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Dowty, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: March 17, 2022
Filed: June 14, 2022

_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Robert Dowty, Sr. was convicted by a jury of aggravated sexual abuse of a minor, in violation of 18 U.S.C §§ 2241(c) and 1153. Dowty appeals, asserting four claims of error: (1) the district court[1] abused its discretion when it made certain

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

evidentiary rulings; (2) he was deprived of a fair trial due to behavior by members of the gallery; (3) the evidence was insufficient to sustain the conviction; and (4) the district court improperly considered prior act evidence for purposes of sentencing. We affirm.

## I.    BACKGROUND

During the summer of 2018, Dowty lived in Pine Ridge, South Dakota. Twelve-year-old A.S. lived across the street from Dowty in the home of her grandmother, Lynn Mousseaux. Dowty and A.S. are cousins. A.S.'s father, brother, sister, grandfather, cousin, and two uncles also resided in Mousseaux's home. A.S. and her siblings often played with two of their cousins who lived at Dowty's house. The children spent time between the homes of Mousseaux and Dowty, riding go-carts, playing video games, or swimming in the pool at Dowty's house.

In September 2018, A.S. told an Indian Health Service nurse that she had been sexually assaulted by Dowty. A.S. was unable to remember the date of the assault, reporting only that it occurred during the prior summer. The report prompted an investigation, which eventually led to Dowty's arrest. Dowty was charged with aggravated sexual abuse, in violation of 18 U.S.C. §§ 2241(a)(1), 2246(2)(A), and 1153. A superceding indictment added a count of aggravated sexual abuse of a minor, in violation of 18 U.S.C. §§ 2241(c) and 1153. Prior to trial, the court found the two counts were multiplicitous and dismissed without prejudice the charge brought under § 2241(a)(1).

The case proceeded to a jury trial. A.S. testified, describing the circumstances of the assault, the conditions of Dowty's bedroom where it occurred, and her actions afterward. A.S. testified the assault left her shaken and afraid. She reported there was blood in her underwear after the assault, but she threw them in the garbage to hide the blood from Mousseaux. A.S explained that she did not tell anyone in her family about the assault because she was afraid. A.S. also told the jury that several years earlier, when she was seven or eight years old, Dowty rubbed her vagina

-2-

through her pants at a cousin's birthday party at Dowty's home.   On cross-examination, A.S. admitted that life at Mousseaux's house was sometimes tumultuous, reporting drugs, alcohol, and fighting among the adults, and that police were occasionally called to the house.

FBI Special Agent Matt Weber testified about the investigation and introduced photographs from the search of Dowty's home.  Brandi Tonkel told the jury about her forensic interview of A.S. and typical characteristics of children who are victims of sexual abuse.  The jury also heard testimony from sisters Brandy Williams and Jessica Lund about prior instances of sexual abuse by Dowty, who was in a relationship with their mother when they were young.  Williams testified that Dowty sexually assaulted her beginning when she was four years old and continuing until she was six years old.  Lund testified that Dowty sexually assaulted her when she was four or five years old, and again when she was between 11 and 13 years old. Lund reported the assaults to the FBI when she was 17 years old.

Dowty also testified, denying each of the sexual assault allegations.  He opined that A.S. was trying to get attention because of problems in her home life. Dowty believed A.S. was upset because her father had taken her cell phone away on September 4, 2018, the day before she reported the sexual assault.  Dowty denied the incident described by A.S. could have happened for a couple of reasons.  First, Dowty said he was living in California at the time of the alleged incident.  Second, he claimed that because of a partial knee replacement on June 5, 2018, he had staples in his knee on July 1 that would have prevented him from doing what A.S. alleged. During Dowty's cross-examination, the district court admonished members of the gallery, stating: "Now if you're going to be in the courtroom, no head-shaking, no -- you know, indications of any kind.  This jury has decisions to make about the evidence, and they don't need to be influenced or otherwise by anybody who's present in the courtroom."  The trial continued without further incident.

The jury convicted Dowty of aggravated sexual abuse of a minor.  Prior to sentencing, Dowty objected to application of a five-level enhancement under

U.S.S.G. § 4B1.5(b)(1) for a pattern of activity involving prohibited sexual conduct based on Dowty's sexual abuse of A.S. when she was seven or eight years old. With a total offense level of 43, Dowty's Sentencing Guidelines range was life. The district court imposed a life sentence.

## II. DISCUSSION

### A. *Evidentiary Rulings*

"Evidentiary rulings are reviewed for abuse of discretion, and we afford deference to the district judge 'who saw and heard the evidence.'" United States v. Davidson, 449 F.3d 849, 853 (8th Cir. 2006) (quoting United States v. Ziesman, 409 F.3d 941, 951 (8th Cir. 2005)).

#### 1. Prior Acts of Child Molestation

When the defendant is accused of child molestation, evidence of any other acts of child molestation is admissible "on any matter to which it is relevant." Fed. R. Evid. 414(a). "If relevant, such evidence is admissible unless its probative value is 'substantially outweighed' by one or more of the factors enumerated in Rule 403, including 'the danger of unfair prejudice.'" United States v. Gabe, 237 F.3d 954, 959 (8th Cir. 2001) (quoting United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997)). Evidence is probative if it involves "substantially similar offenses as the crimes charged." United States v. Medicine Horn, 447 F.3d 620, 623 (8th Cir. 2006).

Dowty argues the district court erred by allowing Williams and Lund to testify because the prior acts were too dissimilar from the charged act, they were too remote in time, and they were too prejudicial. The district court determined that this evidence was probative as compared to the charged conduct because of similarities between the methods of abuse and the age of the victims. The court also concluded that the probative value of the evidence was not substantially outweighed by the Rule 403 factors. We have upheld the admission of Rule 414 evidence as probative

when the method of contact and the age of the victim were similar.  See United States v. Crow Eagle, 705 F.3d 325, 327-28 (8th Cir. 2013).  As to remoteness, "[w]hen Rule 414 was enacted, Congress expressly rejected imposing any time limit on prior sex offense evidence."  Gabe, 237 F.3d at 960.  The district court took steps to ensure the evidence was not unfairly prejudicial by considering the cumulative effect and denying the proffered testimonies of two additional women.  While some amount of prejudice is to be expected when evidence is admitted under Rule 414, it did not rise to the level of unfair prejudice in this case.  See Gabe, 237 F.3d at 959-60.  We find no clear prejudicial abuse of discretion in admitting the testimony under Rule 414.

### 2.  Opinion Testimony

Dowty next challenges the district court's refusal to let him ask Mousseaux on cross-examination whether Mousseaux told A.S.'s treating physician that she did not believe the assault occurred.  A witness's credibility may be attacked by testimony in the form of an opinion regarding the witness's character for truthfulness or untruthfulness.  See Fed. R. Evid. 608(a).  "[O]pinion testimony about the truthfulness or untruthfulness of a witness may be excluded if it amounts to no more than a conclusory observation or if the opinions were not more than bare assertions."  United States v. Turning Bear, 357 F.3d 730, 734 (8th Cir. 2004) (cleaned up).  Whether the testimony amounted to "more than bare assertions" is a question left to the trial court's discretion.  Id.

Whether Mousseaux initially believed the assault occurred had no direct bearing on A.S.'s character for untruthfulness.  Mousseaux made a conclusory statement, without any knowledge of the incident in question or the details of the allegations.  The district court did not abuse its discretion in excluding this line of cross-examination.

*B.    Gallery Behavior*

We generally review claims of constitutional error *de novo*, but where the defendant failed to object at trial, we review for plain error.  United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc).  "In reviewing for plain error, we have the discretion to reverse the district court if the defendant shows (1) an error, (2) that was plain, (3) affects substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Fast Horse, 747 F.3d 1040, 1042 (8th Cir. 2014) (cleaned up).

During cross-examination of Dowty, a member of the gallery caught the district court's attention.  The district court addressed the behavior swiftly and succinctly.  Defense counsel raised no questions or objections during trial and Dowty's testimony continued without incident.  The weight of the evidence was overwhelming, and there is no indication that any further problems or concerns occurred.  No jurors complained or had questions about the incident.  Without some indication that Dowty's substantial rights were affected, or the jury was influenced by the behavior, Dowty has failed to show plain error.

*C.    Sufficiency of the Evidence*

We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the verdict and giving the verdict the benefit of all reasonable inferences.  United States v. Fool Bear, 903 F.3d 704, 708 (8th Cir. 2018).  We will reverse a conviction "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt."  Id. (quoting United States v. Tillman, 765 F.3d 831, 833 (8th Cir. 2014)).  "[I]t is for the jury, not a reviewing court, to evaluate the credibility of witnesses and to weigh their testimony."  United States v. Never Misses A Shot, 781 F.3d 1017, 1025 (8th Cir. 2015) (quoting United States v. Mallen, 843 F.2d 1096, 1099 (8th Cir. 1988)).

At trial, A.S. explained the details of the sexual assault, her decision not to tell her family, and the reason why she threw away her underwear. We have noted that "a victim's testimony alone can be sufficient to prove aggravated sexual abuse." United States v. DeCoteau, 630 F.3d 1091, 1097 (8th Cir. 2011).

In addition to A.S.'s testimony, Special Agent Weber explained to the jury his investigation, and Tonkel recited the content of her forensic interview with A.S. The jury's attention was drawn to differences between A.S.'s memory of Dowty's bedroom and the photographs taken during the investigation. It was for the jury to weigh the evidence and make credibility determinations. Viewing the evidence in the light most favorable to the verdict as we must, there is more than sufficient evidence to support the conviction.

### D.    Sentencing

We review a district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. United States v. Ayres, 929 F.3d 581, 583 (8th Cir. 2019). Section 4B1.5(b)(1) of the Sentencing Guidelines provides for a five-level enhancement where, as relevant here, "the defendant engaged in a pattern of activity involving prohibited sexual conduct." The commentary explains that a pattern of activity occurs "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor," without regard to whether the conduct occurred "during the course of the instant offense" or "resulted in a conviction." Id. at comment. n.4(B).

Dowty argues the district court erred by applying § 4B1.5(b)(1) based on the testimony from A.S. that Dowty touched her vagina over her clothes when she was seven or eight years old. While Dowty points out that the alleged act never resulted in a conviction, the commentary states that a conviction is not required. See id. Dowty also contends the enhancement requires specific findings by the jury, but "sentencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." United States v. Scott, 448 F.3d 1040, 1043-44

(8th Cir. 2006).  There was sufficient evidence in the record for the district court to find that Dowty committed a prior act of molestation against A.S.  The district court did not err in applying the enhancement.

## III.  CONCLUSION

For the foregoing reasons, the district court's judgment is affirmed.

_____