# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2776

_____

United States of America

*Plaintiff - Appellee*

v.

Robert Dennis Jacobs, also known as Bob

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: April 11, 2022
Filed: August 24, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

PER CURIAM.

Robert Jacobs pleaded guilty to one count of sexual abuse of a minor, in violation of 18 U.S.C. §§ 2243(a) and 1152. The district court[1] sentenced him to 84 months' imprisonment. He appeals his sentence, arguing that it is procedurally and substantively unreasonable. We affirm.

## I. *Background*

From fall 2014 through sometime in or about 2016, Jacobs sexually abused E.M.J., his minor granddaughter who lived with him, her mother, and her siblings at his home on the Spirit Lake Reservation in North Dakota. The abuse came to light in December 2019 when her brother stated that he had seen Jacobs touch her. During a forensic interview, she described the following:

> E.M.J. reported Jacobs started touching her in 2014 when she was in the middle of sixth grade, when she was 12 years old. Jacobs would come into her bedroom most nights, while she slept, to touch her. Jacobs would stand over her bed and sometimes lifted up E.M.J.'s shirt as he used his hands to touch her chest. Jacobs also placed his mouth on E.M.J.'s chest occasionally. One night, Jacobs placed his finger inside of E.M.J.'s boxers and put his fingers on E.M.J.'s crotch; E.M.J. woke up and moved, so Jacobs left her room. Whenever Jacobs would touch E.M.J., he would start breathing "gross," as described by E.M.J. She believed Jacobs might have touched his own body when he touched hers because his body would move, and he would breathe heavily. Sometimes, E.M.J. would sleep on the living room couch. When she would sleep on the couch, Jacobs would kneel over E.M.J. and put his mouth on her chest. Jacobs continued to touch her until she started the eighth grade, when she moved out of the house where Jacobs lived.

R. Doc. 38, at 4–5.

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

In February 2020, Jacobs was charged with one count of sexual abuse of a minor. Later that month, he was arrested and detained. In June 2020, he was indicted on one count of the same offense as well as two counts of abusive sexual contact, in violation of 18 U.S.C. §§ 2244(a)(3) and 1152. In February 2021, he pleaded guilty to one count of sexual abuse of a minor, and the remaining counts were dismissed.

With a criminal history category of III and a total offense level of 24, his presentence investigation report (PSR) calculated his Guidelines range between 63 and 78 months' imprisonment. The statutory range for sexual abuse of a minor is not more than 15 years' imprisonment. His PSR's offense-level calculation included a four-level enhancement because "the minor was in the custody, care, or supervisory control of the defendant." U.S.S.G. § 2A3.2(b)(1). The government and Jacobs each filed an objection to the PSR's application of the enhancement. The government noted that "[c]onsistent with the plea agreement, [it] w[ould] not be advocating for the application" of the enhancement. R. Doc. 38, at 20. At the sentencing hearing in September 2021, the district court determined that the enhancement did not apply, subtracted four levels from Jacobs's PSR-determined offense level, and re-calculated his Guidelines range between 41 and 51 months' imprisonment.

The government requested a 51-month sentence. Jacobs requested a 41-month sentence. The district court varied upwards and sentenced him to 84 months' imprisonment. Before pronouncing its sentence, it noted that it was "concerning . . . . that [Jacobs] w[as] clearly in a position of some custodial control over [E.M.J.]" R. Doc. 53, at 28. It also considered the following in determining its sentence: (1) "the victim impact," *id*. at 29; (2) his "role in the offense," *id*.; (3) his "history and characteristics," *id*.; (4) his "level of remorse," *id*.; (5) "the seriousness of the offense," *id*. at 30; (6) the court's desire "to promote respect for the law," *id*.; (7) its desire "to provide a just punishment for the offense," *id*.; and (8) that the sentence imposed "afford[s] adequate deterrence to the criminal conduct . . . in this matter," *id*.

## II. *Discussion*

Jacobs argues that the district court erred by "plac[ing] a substantial emphasis on [him] being in a position of care, custody, and control over [E.M.J.]," Appellant's Br. at 10, and "us[ing] the same reasoning to significantly [vary] upward," *id*. at 11, even though "the district court had already rejected [the enhancement]," *id*. at 10. He frames his argument as challenges to the sentence's procedural and substantive reasonableness. "Whether we follow the line of authority that categorizes a district court's consideration of an allegedly improper or irrelevant factor as a procedural error, or consider [Jacobs's] argument as a substantive challenge (claiming the district court gave significant weight to an improper or irrelevant factor)," *United States v. Ayres*, 929 F.3d 581, 583 (8th Cir. 2019), we affirm the sentence as reasonable if we find no error and the district court conducted a thorough 18 U.S.C. § 3553(a) analysis.

The district court gave the following rationale for its sentence:

> During th[e] time [that the offense conduct took place], since [Jacobs is] a grandparent and [he was] living in the house, [he] had some kind of access to [E.M.J.] that would have been unique access to [her] that others may not have had . . . . And clearly by her letter . . . the victim impact in this statement is extraordinary. And under 18 U.S.[C. §] 3553(a) that can be considered, the victim impact, and [his] role in the offense can be considered by the [c]ourt in imposing [its] sentence.

> Also under [his] history and characteristics, . . . [the court is] a little concerned . . . that [he] just kept on doing what [he] w[as] doing and that [he] w[as] never stopped. . . . [The court is] concerned about the level of remorse that [he] expresse[d] particularly when, by [E.M.J.'s] own statement, she indicated that she knew that it was wrong and she knew that it was something that should not be happening. Somebody who was 12 years old knew that.

. . .

-4-

Additionally, [the court] will note that with regards to [his] history and characteristics . . . that [he] w[as] 59 years old when this happened at the youngest and that it appears that [his] criminal history began at about 45 years of age according to the [PSR]. So that is something that is unique in our system.

[The court] do[es] want the sentence to reflect the seriousness of the offense and [it] want[s] to promote respect for the law and [it] want[s] to provide a just punishment for the offense. This is something that is considered under . . . [§] 3553(a) . . . and the sentence imposed in this matter must afford adequate deterrence to the criminal conduct that is addressed in this matter . . . .

R. Doc. 53, at 28–30. We found no error in the district court's similar approach in *Ayres* and determined that its analysis of the § 3553(a) factors was reasonable. *See* 929 F.3d at 584 (affirming the district court's § 3553(a) analysis as reasonable, despite its reference to information underlying the PSR-recommended enhancement that it did not apply, because it also discussed (1) "how [the defendant's] sentence would compare to other defendants similarly situated," (2) "promot[ing] respect for the law," (3) "the seriousness of the offense," (4) "adequately punish[ing] [the defendant]," and (5) "protect[ing] the public"). Accordingly, we find that the district court here also did not err and that it also conducted a reasonable analysis.

Jacobs also argues that "the court gave improper weight to factors already contemplated by the applicable [G]uidline[s] range[,] including . . . Jacobs'[s] role in the offense, his age, [his] criminal history, and [his] apparent lack of remorse." Appellant's Br. at 11. "'[W]e previously have allowed variances based on factors already taken into account by the advisory [G]uidelines,' . . . 'when a district court applies broader § 3553(a) considerations in granting the variance.'" *United States v. Richart*, 662 F.3d 1037, 1052 (8th Cir. 2011) (quoting *United States v. Jones*, 509 F.3d 911, 914 (8th Cir. 2007)). The district court did not err by using its discretion to vary upward after analyzing the full range of § 3553(a) considerations. The

resulting sentence is not substantively unreasonable.

### III. *Conclusion*

Accordingly, we affirm the district court's judgment.

———————————————