# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1427
_____

United States of America

*Plaintiff - Appellee*

v.

Leonard Red Horse

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Northern
_____

Submitted: September 19, 2022
Filed: October 14, 2022
[Unpublished]
_____

Before GRUENDER, MELLOY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

After Leonard Red Horse violated several conditions of his supervised release, the district court[1] revoked his release and sentenced him to a term of 24 months in prison. Red Horse argues the length of his sentence is substantively unreasonable

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

because the district court varied significantly upward and failed to give adequate weight to Red Horse's substance abuse issues and treatment needs. We affirm.

In 2017, Red Horse pled guilty to one count of Assault Resulting in Serious Bodily Injury. He was sentenced to a 23-month term of imprisonment followed by three years of supervised release. In September 2018, Red Horse was released from custody and began his first term of supervised release. Less than a year later, in July 2019, Red Horse's supervision was revoked after he admitted to violating several release conditions, including consuming alcohol, failing to report to his probation officer, and failing to report a change in address. The district court sentenced Red Horse to a five-month term of imprisonment and 31 months of supervised release.

Red Horse was released from custody in October 2019. In May 2021, his second term of supervised release was revoked for driving under the influence and failing to report to his probation officer. The court imposed a seven-month term of imprisonment followed by 15 months of supervised release. Red Horse was released from custody in July 2021, and his supervision was revoked in February 2022 because he did not notify his probation officer of a change in address and failed to report to his probation officer. The district court calculated a three-to-nine month Sentencing Guidelines range but varied upward and imposed a 24-month term of imprisonment with no additional term of supervised release.

Red Horse appeals, asserting the 24-month sentence is substantively unreasonable because the district court failed to consider his substance abuse issues and inadequately explained the sentence in light of the applicable Sentencing Guidelines range.

We review a sentence "in two steps, first reviewing for significant procedural error, and second, . . . we review for substantive reasonableness." United States v. Ayres, 929 F.3d 581, 582-83 (8th Cir. 2019). "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." Id. We review for substantive

reasonableness under a deferential abuse of discretion standard. United States v. Gifford, 991 F.3d 944, 946 (8th Cir. 2021) (per curiam). We consider "the totality of the circumstances, including the extent of any variance from the Guidelines range" but may not "consider a sentence outside the range presumptively unreasonable." United States v. Foy, 617 F.3d 1029, 1036 (8th Cir. 2010) (citation omitted).

Red Horse does not claim procedural error and we find none. In considering the sentence for substantive unreasonableness, we are guided by the factors set out in 18 U.S.C. § 3553(a). United States v. Cloud, 956 F.3d 985, 987 (8th Cir. 2019) (citation omitted). An abuse of discretion arises "if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Staten, 990 F.3d 631, 636 (8th Cir. 2021) (citation omitted).

The district court's statements during Red Horse's February 2022 revocation hearing demonstrate that it considered the factors in § 3553(a). In reaching its decision to upward vary, the district court noted Red Horse's extensive and violent criminal history and three alcohol-related bond violations while Red Horse was on pretrial supervision. See 18 U.S.C. § 3553(a)(1) (court should consider the "history and characteristics of the defendant"); see also United States v. Brown, 203 F.3d 557, 558 (8th Cir. 2000) (considering seriousness of defendant's criminal history and frequency of supervised release violations). While the court is required to consider the relevant factors, it is not obligated to make specific findings with respect to each factor considered. United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009). "[A]ll that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." Id. (alteration in original).

The record demonstrates the district court was aware of Red Horse's substance abuse issues and considered his arguments. The district court did not err by using its discretion to vary upward after analyzing the full range of § 3553(a)

considerations.  See United States v. Todd-Harris, 19 F.4th 1074, 1077 (8th Cir. 2021) (noting factual findings supporting a variance are reviewed for clear error). The sentence imposed is not substantively unreasonable.

We affirm the judgment of the district court.

_____