# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1640
_____

United States of America

*Plaintiff - Appellee*

v.

Jose O. Maes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 13, 2023
Filed: February 28, 2024
[Unpublished]

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jose O. Maes appeals after a jury found him guilty of conspiracy to distribute or possess with intent to distribute 500 or more grams of methamphetamine, in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), 846, and 851.  On appeal, Maes contends the district court[1] plainly erred in its jury instructions.  We affirm.

While we generally review a challenge to jury instructions under the deferential abuse of discretion standard, we review for plain error if, as happened here, the defendant did not timely object at trial.  United States v. Poitra, 648 F.3d 884, 887 (8th Cir. 2011) (citation omitted).  To be entitled to relief under plain error, Maes must demonstrate there was a clear or obvious error that affected his substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  United States v. Bolman, 956 F.3d 583, 587 (8th Cir. 2020).  When considering a challenge to the jury instructions, we review the instructions as a whole to determine whether they adequately advised the jury of the burden of proof and the essential elements of the offenses.  United States v. Fast Horse, 747 F.3d 1040, 1042 (8th Cir. 2014).

Maes takes issue with jury instructions 9 and 11.  Instruction 9 set forth the elements of conspiracy and referred to "an agreement."  Instruction 11 was entitled "agreement, explained," and instructed the jury that an agreement must have existed "for at least one of those two purposes."  The two purposes refer to the preceding paragraph explaining the purpose of the conspiracy was either: (1) to distribute methamphetamine, or (2) to possess with the intent to distribute methamphetamine.  Maes reads the instructions in isolation and asserts an internal conflict exists.  He contends that if the jury focused solely on Instruction 11, it could have found him guilty of being in an agreement with other people, as opposed to an agreement to sell or possess methamphetamine as alleged in the indictment.  Such a reading of the instructions ignores our longstanding precedent that jury instructions are to be taken as whole.  The instructions not only track the Eighth Circuit Model Jury Instructions, but it strains credulity to believe the jury would ignore all other instructions and

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

convict Maes based on this fragmented reading of Instructions 9 and 11. Taken as a whole, the jury instructions contained clear and correct statements of the law.

Maes's additional arguments, including his theory as to what the jury may have interpreted the instructions to mean and his assertion that the instructions misstated the law by instructing the jury that the existence of a conspiracy and the crime of conspiracy are the same, are without merit.

We affirm.

_____